Case No. 24-01278

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

GERALD NOVAK, et al.,

Plaintiffs-Appellants,

v.

WILLIAM FEDERSPIEL,

Defendant-Appellee

---

## ON APPEAL FROM THE U.S. DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

---

## BRIEF ON APPEAL OF DEFENDANT-APPELLEE
## WILLIAM FEDERSPIEL

### ***ORAL ARGUMENT REQUESTED***

Douglas J. Curlew (P39275)
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
Attorneys for Defendant-Appellee

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 23-1024                    Case Name: Novak, et al. v. Federspiel

Name of counsel: Douglas J. Curlew

Pursuant to 6th Cir. R. 26.1, William L. Federspiel
                              *Name of Party*

makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No.

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

No.

---

### CERTIFICATE OF SERVICE

I certify that on _____ January 18, 2023 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Douglas J. Curlew
17436 College Parkway
Livonia, MI 48152

---

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

## 6th Cir. R. 26.1
## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTEREST

(a) **Parties Required to Make Disclosure.** With the exception of the United States government or agencies thereof or a state government or agencies or political subdivisions thereof, all parties and amici curiae to a civil or bankruptcy case, agency review proceeding, or original proceedings, and all corporate defendants in a criminal case shall file a corporate affiliate/financial interest disclosure statement. A negative report is required except in the case of individual criminal defendants.

(b) **Financial Interest to Be Disclosed.**

(1) Whenever a corporation that is a party to an appeal, or which appears as amicus curiae, is a subsidiary or affiliate of any publicly owned corporation not named in the appeal, counsel for the corporation that is a party or amicus shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the parent corporation or affiliate and the relationship between it and the corporation that is a party or amicus to the appeal. A corporation shall be considered an affiliate of a publicly owned corporation for purposes of this rule if it controls, is controlled by, or is under common control with a publicly owned corporation.

(2) Whenever, by reason of insurance, a franchise agreement, or indemnity agreement, a publicly owned corporation or its affiliate, not a party to the appeal, nor an amicus, has a substantial financial interest in the outcome of litigation, counsel for the party or amicus whose interest is aligned with that of the publicly owned corporation or its affiliate shall advise the clerk in the manner provided by subdivision (c) of this rule of the identity of the publicly owned corporation and the nature of its or its affiliate's substantial financial interest in the outcome of the litigation.

(c) **Form and Time of Disclosure.** The disclosure statement shall be made on a form provided by the clerk and filed with the brief of a party or amicus or upon filing a motion, response, petition, or answer in this Court, whichever first occurs.

# TABLE OF CONTENTS

Table of Authorities ................................................................................ ii

Statement Regarding Oral Argument .................................................... viii

Jurisdictional Statement ........................................................................ 1

Counter-Statement of Issues Presented for Review ............................... 2

Counter-Statement of the Case .............................................................. 6

Summary of Argument .......................................................................... 19

Argument .............................................................................................. 24

I.   THE STANDARD OF REVIEW IS DE NOVO ........................... 24

II.  NOVAK'S AND WENZEL'S SUPPOSED "OWNERSHIP" OF THE
     GUNS AT ISSUE IS *NOT* ESTABLISHED ................................. 25

III. BECAUSE NOVAK AND WENZEL HAVE ADMITTED THEY
     POSSESS NO PROOF OF OWNERSHIP BEYOND THEIR "SAY-SO,"
     SUMMARY JUDGMENT AGAINST THEIR FIFTH AMENDMENT
     CLAIM SHOULD BE AFFIRMED ................................................. 29

IV.  NOVAK AND WENZEL HAVE NO BASIS FOR A PROCEDURAL
     DUE PROCESS CLAIM ............................................................... 34

V.   NOVAK AND WENZEL HAVE NO BASIS FOR A SUBSTANTIVE
     DUE PROCESS CLAIM ............................................................... 38

VI.  NOVAK AND WENZEL HAVE NO BASIS FOR THEIR SECOND
     AMENDMENT CLAIM .................................................................. 40

VII. SHERIFF FEDERSPIEL HAS QUALIFIED IMMUNITY AGAINST
     THE PLAINTIFFS-APPELLANTS' FEDERAL CLAIMS .................... 42-43

VIII. NOVAK AND WENZEL HAVE NO BASIS TO MAINTAIN T HEIR STATE-LAW "CLAIM AND DELIVERY/REPLEVIN" THEORY OF RECOVERY ................................................................................... 44

IX. NOVAK AND WENZEL CANNOT SUSTAIN AN "INVERSE CONDEMNATION" CLAIM UNDER MICHIGAN LAW .......................... 46

X. SHERIFF FEDERSPIEL HAS GOVERNMENTAL IMMUNITY AGAINST THE PLAINTIFFS' STATE CLAIMS ......................................... 47

XI. NOVAK'S AND WENZEL'S CLAIMS ARE ALL BARRED BY RES JUDICATA ............................................................................................. 50

XII. NOVAK AND WENZEL HAVE NO JUSTIFICATION TO DEMAND DISCOVERY FOR THEIR SUPPOSED "MONELL" CLAIM .................... 54

Conclusion and Relief Requested ........................................................... 56

Certificate of Compliance ...................................................................... 57

Certificate of Service .............................................................................. 57

Record Appendix ..................................................................................... 58

# TABLE OF AUTHORITIES

## Cases

*Adair v. Michigan*, 470 Mich. 105, 680 N.W.2d 386 (2004) .............. 22-23, 51, 54

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ......................................... 24

*Bauserman v. Unemployment Insurance Agency*, 509 Mich. 673 N.W.2d 855 (2022) ........................................................................... 47, 48-49, 54

*Buentenmiller v. Macomb County Jail*, 53 F.4th 939 (6th Cir. 2022) ................. 30

*Butler v. Michigan State Disbursement Unit*, 275 Mich. App. 309, 312, 738 N.W.2d 269 (2007) ........................................................................... 53

*Choate's Air Conditioning & Heating, Inc. v. Light, Gas, Water Division of City of Memphis*, 16 Fed. Appx. 323 (6th Cir. 2001) ................................ 21, 40

*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ...................................... 23, 55

*Clark County Assessor v. Meijer Stores LP*, 119 N.E.3d 634 (Tax Court of Indiana, 2019) ................................................................................... 25

*Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532 (1985) ................................... 35

*Clukey v. Town of Camden*, 894 F.3d 25 (1st Cir. 2018) ..................................... 25

*Conn v. Gabbert*, 526 U.S. 286 (1999) ........................................................... 21, 39

*Courser v. Allard*, 969 F.3d 604 (6th Cir. 2020) ............................................ 30, 46

*Cox v. Kentucky Dept of Transportation*, 53 F.3d 146 (6th Cir.1999) .................................................................... 19, 25, 32, 46

*District of Columbia v. Heller*, 554 U.S. 570 (2008) ........................................... 42

*Dubuc v. Township of Green Oak*, 406 Fed. Appx. 983 (6th Cir. 2011) ............. 38

*Eyde v. Charter Township of Meridian*, 118 Mich. App. 43, 324 N.W.2d 775 (1982) .............................................................................. 51

*Federated Dep't Stores, Inc. v. Moitie*, 542 U.S. 394 (1981) .............................. 52

*Foster v. Foster*, 509 Mich. 109, 983 N.W.2d 373 (2022) .................................... 52

*Fox v. Van Oosterum*, 176 F.3d 342 (6th Cir. 1999) ...................................... 30, 36

*Frein v. Pennsylvania State Police*, 47 F.4th 247 (3rd Cir. 2022)..... 20, 31, 32, 33

*Henderson v. United States*, 575 U.S. 622 (2015) ............................................... 27

*Jay Dee contractors, Inc. v. Fattore Construction Co.*, 96 Mich. App. 519, 293 N..W.2d 620 (1980).................................................................................. 48

*Jenkins v. United States*, 71 F.4th 1367 (Fed. Cir. 2023) .................................... 33

*Jones v. Powell*, 462 Mich. 329 N.W.2d 423 (2000)............................................ 47

*Kentucky v. Graham*, 473 U.S. 159 (1985)........................................................... 53

*Knowlton v. City of Port Huron*, 355 Mich. 448, 94 N.W.2d 824 (1959) ........... 54

*Ludwig v. Township of Van Buren*, 682 F.3d 457 (6th Cir. 2012)........... 23, 51, 54

*Mares v. Miami Valley Hospital*, 96 F.4th 945 (6th Cir. 2024)............................ 35

*Margaris v. Genesee County*, 324 Mich. App. 111, 919 N.W.2d 659 (2018)...... 49

*McCoy v. Michigan*, 369 Fed. Appx. 646 (6th Cir. 2010).................................... 53

*McCutchen v. United States*, 14 F.4th 1355 (Fed. Cir. 2021) .............................. 29

*McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997)....................................... 30, 46

*Meeks v. Larsen*, 611 Fed. Appx. 277 (6th Cir. 2015) ......................................... 42

*Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75 (1984) ...................................................................................................... 22, 50-51

*Moldowan v. City of Warren*, 578 F.3d 351 (2009) .............................................. 24

*Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658
(1978) ..................................................................................................... 55

*Morden v. Grand Traverse County*, 275 Mich. App. 325, 738 N.W.2d
278 (2007) ............................................................................................... 54

*New York State Rifle & Association, Inc. v. Bruen*, 597 U.S. 1
(2022) ......................................................................................... 21, 40, 41

*Odom v. Wayne County*, 482 Mich. 459, 760 N.W.2d 217 (2008) ................ 22, 50

*Ostipow v. Federspiel*, 824 Fed. Appx. 336 (6th Cir. 2020) .................................. 30

*Pearson v. Callahan*, 555 U.S. 223 (2009) ............................................................ 43

*Peeples v. City of Detroit*, 891 F.3d 622 (6th Cir. 2018) ....................................... 43

*People v. Washington*, 134 Mich. App. 504 N.W.2d 577 (1984).......................... 33

*Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 672
N.W.2d 351 (2003)................................................................................... 54

*Puskas v. Delaware County, Ohio*, 56 F.4th 1088 (6th Cir. 2023) ....................... 24

*Raceway Park, Inc. v. Ohio*, 356 F.3d 677 (6th Cir. 2004)............................ 29, 34

*Rafaeli, LLC v. Oakland County*, 505 Mich. 429, 952 N.W.2d 434
(2020) ....................................................................................... 47, 49, 54

*Reed v. Goertz*, 598 U.S. 230 (2023) ...................................................................... 35

*Robinson v. Lucas*, 753 F.3d 606 (6th Cir. 2014)................................................. 43

*Rodic v. Thistledown Racing Club, Inc.*, 614 F.2d 736 (6th Cir. 1980).............. 17

*Rose v. Saginaw County*, 353 F. Supp. 2d 900 (E.D. Mich. 2005)...................... 49

*Santana v. City of Tulsa*, 359 F.3d 124 (10th Cir. 2004) ...................................... 38

*Savoy v. U.S.*, 604 F.3d 929 (6th Cir. 2010)............................ 19, 20, 21, 29, 34, 41

*Seal v. Morgan*, 429 F.3d 564 (6th Cir. 2000) ......................................................... 40

*Shoemaker v. City of Howell*, 795 F.3d 553 (6th Cir. 2015) ................................. 38

*Sumpter v. Wayne County*, 868 F.3d 473 (6th Cir. 2017) ....................................... 43

*United States v. Francis*, 646 F.2d 251 (6th Cir. 1981)............................ 20, 30, 33

*United States v. Rahimi*, 602 U.S. ___, 144 S. Ct. 1889 (2024)......................... 42

*United States v. Smith*, 215 F.2d 217 (6th Cir. 1954)..................................... 19, 25

*Vereecke v. Huron Valley School Dist.*, 609 F.3d 392 (6th Cir. 2010) .......... 23, 55

*Viele v. D.C.M.A.*, 167 Mich. App. 571, 423 N.W.2d 270 (1988)........................ 53

*Whitcraft v. Wolfe*, 148 Mich. App. 40 N.W.2d 400 (1985)................................. 53

*Williams v. McCausland*, Nos. 90 Civ 7563 and 91 Civ. 7281, 1994 WL18510 (S.D.N.Y. Jan. 19, 1994) ................................................................ 26

*York v. Civil Service Commission*, 263 Mich. App. 694, 689 N.W.2d 533 (2004) ...................................................................................................................... 54

*Zinerman v. Burch*, 494 U.S. 113 (1990) .............................................................. 35

## Constitutional Provisions

Article X, §2, Michigan Constitution............................................................... 48, 49

## Statutes

18 U.S.C. §922(d)(9) and (g)(9) ........................................................................ 8, 27

42 U.S.C. §1983 ....................................................................................................... 34

Mich. Comp. Laws §28.422(1) ....................................................10, 11, 20

Mich. Comp. Laws §28.422(1)(a).....................................................27-28

Mich. Comp. Laws §600.2920(1) ......................................................... 46

Mich. Comp. Laws §600.403(5) ........................................................... 15

Mich. Comp. Laws §600.4701 ......................................................... 36, 39

Mich. Comp. Laws §600.4703(3) ..........................................................11

Mich. Comp. Laws §600.4704(1) ....................................................11, 12

Mich. Comp. Laws §600.4704(1)(a)-(g)................................................11

Mich. Comp. Laws §600.4705......................................... 13, 14, 15, 16, 52

Mich. Comp. Laws §600.4705(1) ................................. 16, 20, 36, 37, 38

Mich. Comp. Laws §600.4705(2) and (3)........................................11, 36

Mich. Comp. Laws §600.601 ............................................................... 15

Mich. Comp. Laws §600.605 ............................................................... 15

Mich. Comp. Laws §691.1407(2) .................................................... 22, 50

Mich. Comp. Laws §691.1407(3) ......................................................... 50

Mich. Comp. Laws §691.1407(5) .................................................... 22, 49

Mich. Comp. Laws §691.1407(8)(a).................................................. 22, 50

## **Rules**

Fed. R. Civ. P. 56................................................................................. 24

Fed. R. Civ. P. 56(a) ........................................................................... 24

Mich. C. R. 3.001 ................................................................ 15

Mich. Ct. R. 3.105 ............................................................... 15

Mich. Ct. R. 3.105(A)(1) and (2) .......................................... 45

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellee Federspiel requests oral argument. The Plaintiffs-Appellants' principal brief has mischaracterized both the facts and the law. It is anticipated that such mischaracterizations will arise again in the Plaintiffs-Appellants' reply brief as well. Oral argument will be the only opportunity for Defendant-Appellee Federspiel's counsel to rebut such mischaracterizations.

## JURISDICTIONAL STATEMENT

Although Defendant-Appellee Federspiel deems the appeal by Plaintiffs-Appellants Novak and Wenzel to be utterly without merit, he is compelled by the applicable statutes and rules to accept that this Court has jurisdiction over the Plaintiffs-Appellants' appeal, as described in the Plaintiffs-Appellants' "Jurisdictional Statement."

## COUNTER-STATEMENT OF ISSUES PRESENTED FOR REVIEW

I. SHOULD SUMMARY JUDGMENT IN FAVOR OF SHERIFF FEDERSPIEL AGAINST NOVAK'S AND WENZEL'S FIFTH AMENDMENT CLAIM BE AFFIRMED?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

II. SHOULD SUMMARY JUDGMENT IN FAVOR OF SHERIFF FEDERSPIEL AGAINST NOVAK'S AND WENZEL'S PROCEDURAL DUE PROCESS CLAIM BE AFFIRMED?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

III. SHOULD SUMMARY JUDGMENT IN FAVOR OF SHERIFF FEDERSPIEL AGAINST NOVAK'S AND WENZEL'S SUBSTANTIVE DUE PROCESS CLAIM BE AFFIRMED?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

IV. SHOULD SUMMARY JUDGMENT IN FAVOR OF SHERIFF FEDERSPIEL AGAINST NOVAK'S AND WENZEL'S SECOND AMENDMENT

CLAIM BE AFFIRMED?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

V.    HAVE NOVAK AND WENZEL FAILED TO PRESERVE THEIR FOURTH AMENDMENT CLAIM?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

VI.   DOES SHERIFF HAVE QUALIFIED IMMUNITY AGAINST NOVAK'S AND WENZEL'S FEDERAL CLAIMS?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

VII.  SHOULD SUMMARY JUDGMENT IN FAVOR OF SHERIFF FEDERSPIEL AGAINST NOVAK'S AND WENZEL'S STATE-LAW "CLAIM AND DELIVERY/REPLEVIN" THEORY OF RECOVERY BE AFFIRMED?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

VIII. SHOULD SUMMARY JUDGMENT IN FAVIR OF SHERIFF FEDERSPIEL AGAINST NOVAK'S AND WENZEL'S STATE-LAW "INVERSE CONDEMNATION" CLAIM BE AFFIRMED?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

IX. HAVE NOVAK AND WENZEL FAILED TO PRESERVE THEIR SO-CALLED "BAUSERMAN" CLAIMS?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

X. DOES SHERIFF FEDERSPIEL HAVE GOVERNMENTAL IMMUNITY AGAINST NOVAK'S AND WENZEL'S STATE-LAW CLAIMS?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

XI. ARE NOVAK'S AND WENZEL'S CLAIMS - - STATE AND FEDERAL ALIKE - - ALL BARRED BY RES JUDICATA?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

XII. DID THE DISTRICT COURT PROPERLY DENY THE REQUEST BY NOVAK AND WENZEL FOR DISCOVERY RELATING TO THEIR SUPPOSED "MONELL" CLAIM?

Plaintiffs-Appellants Novak and Wenzel answer: "No."

Defendant-Appellee Federspiel answers: "Yes."

## <u>COUNTER-STATEMENT OF THE CASE</u>

### Introduction.

Plaintiffs-Appellants Gerald Novak and Adam Wenzel demand possession of fourteen guns (thirteen long guns and a pistol) from Saginaw County Sheriff Federspiel, together with damages for Federspiel's allegedly unlawful refusal to hand the weapons over to them. But the guns were seized from the possession of one Benjamin Heinrich in a home that Heinrich occupied. **(R. 20-2, Page ID 1561-1563, Saginaw County Sheriff's Office Crime Report, 10/24/17, pp. 2-4).** The guns were not seized from Novak nor Wenzel. And Novak and Wenzel admit that: "*It is true there are no existing ownership papers*." **(Appellants' Brief, p. 9, n. 6).**

In the absence of any documentation of ownership, Novak and Wenzel cite this Court to their "affidavits" and "declarations" asserting ownership. **(Appellants' Brief, p. 9, including n. 6).** They tell this Court that "in the face of the lack of knowledge of who is the owner," their self-assertion of ownership "should be treated as an undisputed and unrebutted fact." **(Appellants' Brief, pp. 21-22).**

As described below, however, this is the fallacy of "*argumentum ad ignorantiam*," by which Novak and Wenzel attempt to dodge their burden of proof. As correctly opined by the district court, this argument by Novak and Wenzel "is patently without merit," and the supposed "fact" of their ownership is <u>not</u> established. **(R. 62, Page ID 2423-2424, Opinion and Order, 1/9/23, pp. 9-10; R.**

**97, Page ID 2946, Opinion and Order, 3/29/24, p. 16, including n. 5).**

Indeed, Novak and Wenzel have already litigated the merits of their ownership claim in *two* cases in the Michigan courts. In both cases, judgment was entered against Novak and Wenzel - - with both courts observing that Novak and Wenzel had not presented adequate proof to sustain any claim to be owners of the guns.

Because Novak and Wenzel rely upon their unproven ownership of the guns as the foundation for their substantive arguments, their appeal necessarily fails. But there are also additional grounds to affirm the circuit court judgment as described in the argument that follows.

### Substantive Facts.

Annoyed by his daughter's crying (and frustrated by his girlfriend's supposed failure to address the situation), Benjamin Heinrich grabbed a rifle and threatened his girlfriend (the child's mother) into leaving his house. **(R. 20-2, Page ID 1561-1562, Saginaw County Sheriff's Office Crime Report, 10/24/17, pp. 2-3)**. In the context of arresting Heinrich for felony aggravated domestic assault, sheriffs deputies seized thirteen long guns and a pistol found in the house. **(R. 20-2, Page ID 1562-1569, 1574, Crime Report, pp. 3-9 and Follow-Up Report, p. 1)**. Photographs document the array of guns found on the premises. **(R. 20-3, Page ID 1579-1594, Sheriff's Department Photographs)**.

But Novak and Wenzel describe Heinrich's residence as a "deer-hunting cabin." **(Appellants' Brief, pp. 4, 6)**. As described by the police report, however, the residence at 22173 Nelson Road in Merrill, Michigan, had a kitchen, living room and garage. **(R. 20-2, Page ID 1561-1562, Crime Report, pp. 2-3)**. Novak and Wenzel recite that Heinrich was "watching television in the garage." **(Appellants' Brief, p. 4)**. The residence is not the "hunting cabin" that Novak and Wenzel suggest (i.e., to support for the notion that they would store an arsenal of firearms there). Indeed, during a hearing in the Michigan district court, Novak and Wenzel's own counsel described the house as "a second home" of Novak. **(R. 67-8, Pg ID 2515-2516, State District Court Transcript, 4/5/21, pp. 8-9)**.[1]

It is undisputed that Heinrich pled guilty to the offense of domestic violence. **(R. 20-4, Page ID 1596, State Criminal Court Docket, p. 1 "Charges: Disposition;" Appellants' Brief, p. 7)**. It is also undisputed that this conviction precluded return of the guns to Heinrich himself. 18 U.S.C. §922(d)(9) and (g)(9).

Following Heinrich's conviction, Plaintiffs-Appellants Gerald Novak and Adam Wenzel then appeared. They called the Sheriff's Office claiming to be the

---

[1] A "Google maps" search reveals that the 22173 Nelson Road address is the residence on a farm on a paved road surrounded by multiple other farms. Had this case proceeded, additional Sheriff's Department photographs - - showing the residence to have been a full size house with an *attached* garage - - would have been added to the record.

owners of the weapons and demanding possession of them.  **(R. 20-5, Page ID 1600, 1601, Emails from Detective Jeff Kruszka to Assistant Prosecuting Attorneys Nathan Collison and Mark Gaertner, 6/12/2018 and 2/22/2019)**.

The Plaintiffs-Appellants imply that Detective Kruszka's response to the claimants ("too bad, no proof of ownership") and Kruszka's message to the prosecutor ("the longer we keep the guns, the better") *Id.*, were "on behalf of Defendant [Federspiel]."  **(Appellants' Brief, p. 9)**.  But there is no evidence of participation or knowledge on the part of Sheriff Federspiel regarding Detective Kruszka's email exchanges.

Novak and Wenzel further contend that "[u]ndisputedly, Novak and Wenzel did not authorize, condone, bless, have any part of, or contribute in any way to the events or interactions between Heinrich and his partner," so Novak and Wenzel should be deemed "innocent owners" of the seized firearms.  **(Appellants' Brief, p. 6)**.  But this is neither undisputed, nor established.

Heinrich certainly had access to the guns.  The guns were located in the premises that Heinrich occupied as his residence. Heinrich was able to grab a rifle, unhindered, to threatened his girlfriend.  And Heinrich was able to post online a "selfie" of himself holding a rifle in a bedroom.  **(R. 20-3, Page ID 1578)**.

Assuming *arguendo* that Novak and Wenzel owned the guns, they certainly afforded Heinrich access to them.  Even if Novak and Wenzel would not have

"blessed" use of the guns to threaten the girlfriend **(Appellants' Brief, p. 6)**, there is no basis to assume - - and no evidence to establish - - that Novak and Wenzel would fall within the category of "innocent" owners.  It remains an open question what role Novak or Wenzel played in Heinrich's illegal use of a gun to threaten the mother of his child.

And whether "innocent" or not, there is no documentary basis for Novak or Wenzel to claim to be the "owners" of the weapons.  Again, Novak and Wenzel admit to this Court that they have no paperwork to prove any ownership interest in the guns.  **(Appellants' Brief, p. 9, n. 6)**.  The affidavits and declarations they submitted into the record acknowledge this absence of documentary support for their claim. **(R. 20-9, Page ID 1621, Novak Affidavit, 3/12/20, ¶ 4; R. 31-6, Page ID 1855, Novak Declaration, 9/2/21, ¶ 11; R. 20-10, Page ID 1625, Wenzel Affidavit, 5/15/20, ¶ 15; R. 31-7, Page ID 1856, Wenzel Declaration, ¶ 5)**.  Nor has either Novak or Wenzel produced the license that would be required for them to take possession of the pistol.  Mich. Comp. Laws §28.422(1).

And, as discovered by the district court, Heinrich apparently had been living in the house for a significant period of time, before Novak obtained his claimed ownership interest in the premises.  **(R. 37, Page ID 2063, Opinion and Order Staying Case, p. 8, n. 5)**.  Whether (and why) Novak or Wenzel would be storing an arsenal of weapons at the home remains another open question.

Novak and Wenzel assert that Sheriff Federspiel "wrongfully disobeyed and disregarded" supposed legal duties to provide "notice" to Novak and Wenzel "of the seizure of the property and an intent to forfeit and dispose of the property." **(Appellants' Brief, pp. 6, 14)**. But forfeiture proceedings can be commenced only by (1) the Michigan Attorney General, (2) the county prosecuting attorney or (3) "the city or township attorney for the local unit of government in which the property is located." Mich. Comp. Laws §600.4703(3), 600.4704(1) and 600.4705(2) and (3). Indeed, Novak and Wenzel now acknowledge this reality. **(Appellants' Brief, pp. 12, 30)**.

It is likewise "the attorney general, the prosecuting attorney, or the city or township attorney [who] shall give notice of the seizure of the property and the intent to forfeit and dispose of the property according to this chapter" Mich. Comp. Laws §600.4704(1). This is *not* the duty of the county sheriff. Mich. Comp. Laws §600.4704(1).

Moreover, as specifically observed by the district court, Novak and Wenzel are not "among the group entitled to such notice." **(R. 97, Page ID 2954, Opinion and Order, 3/29/24, p. 24)**. Notice is due only to "the person charged," each victim of the crime, and persons with a "*known*" or *recorded* ownership or security interest in the property against which forfeiture is pursued. Mich. Comp. Laws §600.4704(1)(a)-(g). Novak and Wenzel were not the person charged with the crime,

nor were they the victim. Nor did they have any known or recorded interest in the guns. Even had forfeiture been sought, Sheriff Federspiel was <u>not</u> the official obligated to provide notice, and Novak and Wenzel were <u>not</u> among those to whom notice was owed.

More fundamentally, neither the attorney general, nor the county prosecuting attorney, nor any city or township attorney had any "intent to forfeit" the guns or ever started proceedings to do so. Therefore, the fundamental condition for the provision of notice never arose. Mich. Comp. Laws §600.4704(1). The accusations by Novak and Wenzel that Sheriff Federspiel "disregarded his legal duties" has no basis in fact or law.

Sheriff Federspiel has done nothing to pursue forfeiture of the guns. The guns remain in the possession of the Sheriff's Department only because no claimant with proof of ownership has appeared.

Novak and Wenzel imply that the sheriff has refrained from destroying the guns only because "a federal injunction" has been issued against such destruction. **(Appellants' Brief, p. 34, n. 17)**. This is false. Having no power or intent to pursue forfeiture of the guns, and having no particular interest in destroying them, Sheriff Federspiel stipulated to a simple order that he would not destroy or dispose of the guns - - in order to quell the constant protests by Novak and Wenzel that they needed such assurance. **(ECF No. 78, Pg ID 2616-2617, Stipulated Order, ¶ 1)**. There is

no "injunction."

Novak and Wenzel present a highly fictionalized recitation of "facts." As will be seen in the argument section, their description of the law is equally baseless.

### Procedural Facts.

As acknowledged by Novak and Wenzel, they litigated a "claim and delivery" action in Michigan's Tenth Circuit Court against the Saginaw County Sheriff's Office (later amended to add the "Saginaw County Sheriff" as a defendant). **(R. 11-1, Pg ID 898, State Circuit Court Complaint; R. 11-10, Pg ID 1064-1069, First Amended State Circuit Court Complaint)**. A series of competing motions resulted in an opinion and order "granting judgment" to both the Sheriff and the Sheriff's Office. **(R. 11-15, Pg ID 1135-1144, State Circuit Court Opinion and Order)**. Neither Novak nor Wenzel appealed any aspect of this judgment, which encompassed two key rulings.

First, the state circuit court ruled that any claim to recover the New England .410 rifle used in the assault by Heinrich should be litigated under the procedures of Mich. Comp. Laws §600.4705 in the state district court that had jurisdiction over the criminal proceedings against Heinrich. **(R. 11-15, Pg ID 1141-1142, State Circuit Court Opinion and Order, pp. 7-8)**. Although the state circuit court judge found it "less clear" whether possession of the other 13 firearms could only be addressed by the district court, he held that there was no reason to "split" the claim. **(R. 11-15,**

**Pg ID 1142-1143, State Circuit Court Opinion and Order, pp. 8-9)**.

But regardless of the forum in which recovery might be sought, the state circuit court judgment declared that Mich. Comp. Laws §600.4705 is "*the specific statute that governs return of property under these circumstances*." **(R. 11-15, Pg ID 1142, State Circuit Court Opinion and Order Granting Judgment, p. 8)**. Therefore, although granting judgment to the Sheriff and the Sheriff's Office, the state court did so "without prejudice to the Plaintiffs bringing their claims in the proper court" - - i.e., bringing a recovery claim *under Mich. Comp. Laws §600.4705* in the state district court that it exercised jurisdiction over Heinrich's criminal case. **(R. 13-10, Pg ID 1407, State Circuit Court Opinion and Order, p. 9, *emphasis added*)**.

Second, the state circuit court also observed that "*Plaintiffs have not provided sufficient evidence for this Court to enter a claim and delivery judgment, even if it were the proper forum*." **(R. 11-15, Pg ID 1143, State Circuit Court Opinion and Order, p. 9)**. Thus, the state circuit court held that, absent additional proofs beyond their own say-so, Novak and Wenzel could not obtain possession of the guns by *any* means in *any* forum.

Again, neither Novak nor Wenzel ever appealed the state circuit court judgment. Regardless of any legal objections Novak or Wenzel might have devised

against the circuit court's rulings, Novak and Wenzel are bound by those rulings.[2]

Foregoing any appeal, Novak and Wenzel instead initiated a new case against the "Saginaw County Sheriff's Office" in Michigan's 70th District Court. But Novak and Wenzel did not follow the state circuit court's directive to proceed *under Mich. Comp. Laws §600.4705*. Instead, Novak and Wenzel again pleaded their case as a demand for "claim and delivery." **(R. 11-16, Pg ID 1145, State District Court Complaint)**.

Novak and Wenzel now assert the state district court concluded Mich. Comp. Laws §600.4705 was "not possible" as an avenue for return of the guns, such that the case must continue as one for "claim and delivery." **(Appellants' Brief, p. 19)**. But the state district court never said application of Mich. Comp. Laws §600.4705 was "not possible." As the federal district court observed, "[t]he record does not

---

[2] Novak and Wenzel imply that the state circuit court judgment is "a mere nullity and void," by mischaracterizing the grant of summary disposition as a declaration that the circuit court lacked subject matter jurisdiction. **(Appellants' Brief, pp. 10-11)**. This is false. Novak and Wenzel had pleaded an action for "*claim and delivery*" over which the state circuit court *had* subject matter jurisdiction. Mich. Comp. Laws §§600.601, 600.605, see also Mich. Ct. R. 3.001 and 3.105. The circuit court granted summary disposition to the Sheriff and Sheriff's Office on the *merits* of that *claim and delivery* action - - i.e., holding that "*pursuant to MCL 600.403(5), a claim and delivery action in the Circuit Court is an improper mechanism to recover*" the .410 rifle (and that return of the other guns should be addressed in the same proceeding with the .410 rifle). Therefore, the circuit court judgment against Novak and Wenzel's "claim and delivery" theory of recovery is *a binding judgment on the merits* against a claim over which the state circuit court had full jurisdiction.

support this assertion" by Novak and Wenzel, and neither the state district court, nor the state circuit court, ever said that relief under Mich. Comp. Laws §600.4705(1) was not available. **(R. 97, Pg ID 2956, Opinion and Order, 3/29/24, p. 26)**. Rather, the state district court chose to indulge the "claim and delivery" theory that Novak and Wenzel had pleaded. **(ECF No. 67-8, Pg ID 2551, State District Court Transcript, April 5, 2021, p. 44)**.

Significantly, Novak and Wenzel sought summary disposition on their claim and delivery theory, before the Sheriff's Office sought summary disposition. But the state district court rejected Novak's and Wenzel's motion, because "[t]here're just way too many fact issues here for me to grant a motion for summary disposition. . . . I mean just way, way, way, way, way too many." **(R. 67-8, Pg ID 2550, State District Court Transcript, p. 43)**.

And having chosen to proceed by claim and delivery, rather than under Mich. Comp. Laws §600.4705, Novak and Wenzel had to name a defendant. They opted to name an improper defendant (i.e., the Sheriff's "Office"). In the words of the state district court, "the Saginaw County Sheriff's Office is not a legal entity subject to suit and the Plaintiffs' claim and delivery action is barred by governmental immunity," so summary disposition was ultimately granted to the defendant **(R. 11-24, Pg ID 1252, 1253, State District Court Order, 8/16/21)**.

This time, Novak and Wenzel did file an appeal - - back to the state circuit

court. **(R. 11-25, Pg ID 1254, Claim of Appeal)**.  The state circuit court affirmed the state district court judgment.[3]

During the pendency of their state circuit court appeal, Novak and Wenzel filed their present complaint in the federal district court.  **(R. 1, Pg ID 1-14, Complaint)**. They yet again pleaded a state-law claim for "claim and delivery/replevin." But they also pleaded federal claims under the Second Amendment (*right to "keep arms"*), the Fourth Amendment (*failure to return property*), the Fifth Amendment (*taking*) and the Fourteenth Amendment (*procedural due process and substantive due process*).

Notably, Novak and Wenzel have appealed this case to this Court twice before. First, they filed an appeal against an early order by the district court to stay proceedings on ground of Colorado River Abstention. **(R. 5, Pg ID 110-115, Opinion and Order Staying Case, pp. 5-10; R. 6, Pg ID 122, Notice of Appeal)**. This occurred *before* Sheriff Federspiel was even served with the Complaint. **(R. 7, Pg ID 123, Certificate of Service, 11/15/21)**.  By an unpublished opinion dated August 2, 2022, this Court reversed the abstention and the stay. **Novak, et al. v.**

---

[3] The state circuit court appellate decision is not part of the record. But this Court can take judicial notice of the decision by Michigan's 10th Circuit Court, Case No. 21-045333-AV, Judge Borrello, Opinion and Order, 12/15/22. ***Rodic v. Thistledown Racing Club, Inc.,*** 614 F.2d 736, 739 (6th Cir. 1980). But it is expected that Novak and Wenzel will not dispute the fact that the state circuit court affirmed the state district court judgment.

Federspiel, No. 21-1722 2022 WL 3046973 (6th Cir. August 2, 2022).

Second, on remand from the first appeal, the district court again stayed the case under Pullman Abstention, Burford Abstention, and the Court's "inherent authority" to manage its docket - - for the expressed purpose of certifying questions regarding the operation of Michigan's forfeiture statute to the Michigan Supreme Court. **(R. 37, Pg ID 2056-2085, Opinion and Order Staying Case)**. Novak and Wenzel again filed a notice of appeal. **(R. 42, Pg ID 2196, Notice of Appeal)**. Ultimately, the Michigan Supreme Court declined to address the certified questions **(R. 74-1, Pg ID 2609, Michigan Supreme Court Order)**, and Novak and Wenzel stipulated to the dismissal of their appeal. **(6th Cir. Case No. 22-2088, Doc. 36, 7/6/23, Case No. 22-2088, Doc. 38, Order, 7/10/23)**.

At that point, the district court then addressed the parties' competing motions for summary judgment. The district court granted summary judgment in favor of Sheriff Federspiel and dismissed the case with prejudice. **(R. 97, Pg ID 2931-2969, Opinion and Order Granting Defendants' Motion for Summary Judgment)**. The current appeal by Novak and Wenzel followed immediately. **(R. 99, Pg ID 2971, Notice of Appeal)**.

It is the position of Defendant Federspiel that Novak's and Wenzel's claims were properly dismissed. Summary judgment should be affirmed.

## SUMMARY OF ARGUMENT

All of the claims asserted by Plaintiffs-Appellants Novak and Wenzel are dependent upon Novak and Wenzel carrying their affirmative burden to prove their ownership of the guns they seek to recover from Sheriff Federspiel. *Savoy v. U.S.*, 604 F.3d 929, 932-3 (6th Cir. 2010), *United States v. Smith*, 215 F.2d 217, 219 (6th Cir. 1954). In the context of the parties' competing motions for summary judgment, it was the burden of Novak and Wenzel to "put up or shut up" on this critical issue. *Cox v. Kentucky Dept of Transportation*, 53 F.3d 146, 149 (6th Cir. 1999).

By way of two successive actions in the Michigan state courts, and then for a third time in the present federal litigation, the proofs offered by Novak and Wenzel to support their "ownership" claim were declared by the courts to be insufficient. **(R. 11-15, Pg ID 1143, State Circuit Court Opinion and Order, p. 9; R. 67-8, Pg ID 2550, State District Court Transcript, p. 43; R. 62, Pg ID 2423, Opinion and Order, 1/9/23, p. 9; R. 97, Pg ID 2947, Opinion and Order, 3/29/24, pp. 16-17)**. As Novak and Wenzel admit, they have no documentary proof of any ownership interest in the guns they seek. **(Appellants' Brief, p. 9, n. 6; R. 20-9, Pg ID 1621, Novak Affidavit, 3/12/20, ¶ 4; R. 31-6, Pg ID 1855, Novak Declaration, 9/2/21, ¶ 11; R. 20-10, Pg ID 1625, Wenzel Affidavit, 5/15/20, ¶ 15; R. 31-7, Pg ID 1856, Wenzel Declaration, ¶ 5)**. Nor has either Novak or Wenzel produced the license that would be required for them to take possession of the pistol. Mich. Comp. Laws

§28.422(1). Novak and Wenzel thus have not sustained the fundamental requirement for recovery of the guns under theory. *Savoy*, 604 F.3d at 932-3.

The case law relied upon by Novak and Wenzel, primarily *Frein v. Pennsylvania State Police*, 47 F.4th 247 (3rd Cir. 2022), are inapposite. In those cases in which the claimant of property was successful, there was no dispute regarding the claimant's ownership of the property. In the only case cited by Novak and Wenzel where ownership was disputed, *United States v. Francis*, 646 F.2d 251 (6th Cir. 1981), the court *rejected* the claim because, like Novak and Wenzel here, the claimant offered only their personal say-so in support of their ownership.

Novak and Wenzel have no basis to claim a denial of procedural due process. The state courts - - twice - - considered the merits of their claim to the guns. Novak and Wenzel lost on those merits. Sheriff Federspiel certainly has no obligation to surrender guns to Novak and Wenzel on a demand that the state courts have rejected. Indeed, this is even more true, when Novak and Wenzel have steadfastly refused to follow the claim procedure of Mich. Comp. Laws §600.4705(1), as they were directed to do by the state circuit court.

Novak and Wenzel have no basis for a substantive due process claim, because there is nothing arbitrary or conscience shocking about a sheriff refusing to surrender guns to persons who have no proof of ownership and whose claim has been rejected by the state courts. More fundamentally, the concept of substantive due process is

categorically inapplicable, where the explicit source of federal protection against a wrongful taking of property is the Fifth Amendment. *Conn v. Gabbert*, 526 U.S. 286, 293 (1999), *Choate's Air Conditioning & Heating, Inc. v. Light, Gas, Water Division of City of Memphis*, 16 Fed. Appx. 323, 330-1 (6th Cir. 2001). Novak and Wenzel cannot evade the failure of their Fifth Amendment claim by invocation of "substantive due process."

Novak's and Wenzel's Second Amendment argument by reference to *New York State Rifle & Association, Inc. v. Bruen*, 597 U.S. 1 (2022), is misguided. The *Bruen* case establishes the framework for dealing with actual "regulation" of firearms. In the present case, Sheriff Federspiel is not refusing return of the guns by reference to any statute, ordinance or regulation. The question is not one of "regulation." The question is one of proof of ownership - - which Novak and Wenzel do not have. Even applying the *Bruen* framework, there is no "historical tradition" that would require the Sheriff to surrender guns to persons who lack proof of ownership. Rather, the law is clear that "the person seeking return of property must *show* that they are lawfully *entitled* to possess it." *Savoy*, 604 F.3d at 932-3, *emphasis added*.

Furthermore, Sheriff Federspiel has qualified immunity against the Plaintiffs-Appellants' federal claims, because there is no "clearly established" law to suggest under any provision of the federal Constitution or any federal statute that the Sheriff

should surrender guns to persons with no proof of ownership.

Novak's and Wenzel's state-law theories of recovery are equally unavailing. The state courts have twice rejected Novak's and Wenzel's "claim and delivery/replevin" theory of recovery. Again, both state courts found Novak's and Wenzel's supposed proof of ownership to be insufficient. Novak's and Wenzel's "inverse condemnation" claim likewise fails for the same reason.

Moreover, Sheriff Federspiel has absolute state-law immunity against Novak's and Wenzel's state-law claims by force of Mich. Comp. Laws §691.1407(5). And, even apart from absolute immunity, Sheriff Federspiel retains immunity, because his refusal to return the guns in the absence of proof of ownership is neither "gross negligence" nor outside the realm of "good faith" conduct within his executive authority under Michigan law. Mich. Comp. Laws §691.1407(2) and (8)(a), *Odom v. Wayne County*, 482 Mich. 459, 480, 760 N.W.2d 217, 228 (2008).

Furthermore, the federal courts must give to the state-court judgments against Novak and Wenzel "the same preclusive effect" as would be given those judgments under the law of Michigan. *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81 (1984). Michigan follows "a broad approach to the doctrine of res judicata" which "bars not only claims actually litigated but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v. Michigan*, 470 Mich. 105, 121, 680 N.W.2d 386,

396 (2004), *Ludwig v. Township of Van Buren*, 682 F.3d 457, 460 (6th Cir. 2012). The Michigan courts entered judgment against Novak and Wenzel on the merits of their "claim and delivery" theory - - twice. Novak and Wenzel cannot properly assert that claim again in federal court. And, under Michigan's "broad" approach to res judicata, Novak's and Wenzel's other claims in the present federal litigation are barred, because each claim could have been brought in their state court cases.

Finally, there is no basis for Novak and Wenzel to demand discovery for their supposed "Monell" claim. Because Sheriff Federspiel did not violate any constitutional rights of Novak or Wenzel, there is no basis for a finding of municipal liability. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), *Vereecke v. Huron Valley School Dist.*, 609 F.3d, 392, 404 (6th Cir. 2010).

## ARGUMENT

### I.    THE STANDARD OF REVIEW IS DE NOVO.

Defendant-Appellee Sheriff Federspiel sought summary disposition in the district court under Fed. R. Civ. P. 56.  **(R. 90, Pg ID 2815, Defendant Motion (Title); R. 90, Pg ID 2825-2826, Defendant Brief in Support of Motion for Summary Judgment, pp. 4-5)**.  The district court granted summary judgment to Federspiel on those terms.  **(R. 97, Pg ID 2940-2941, 2969, District Court Opinion and Order, 3/29/24, pp. 10-11, 39)**.

A district court's grant of summary judgment is reviewed de novo on appeal. ***Puskas v. Delaware County, Ohio***, 56 F.4th 1088, 1093 (6th Cir. 2023).  In doing so, this Court uses "the same Rule 56(c) standard as the district court." ***Moldowan v. City of Warren***, 578 F.3d 351, 373 (2009).  Summary judgment is properly granted where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), ***Puskas***, 56 F.4th at 1093.  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 247-8 (1986), *emphasis in original*.

As this Court has aptly observed, a motion for summary judgment challenges the opposition party "to put up or shut up on a critical issue" for which that opposing

party bears the burden of proof. *Cox v. Kentucky Dept of Transportation*, 53 F.3d 146, 149 (6th Cir. 1999). Challenged by Defendant Federspiel's summary judgment motion to "put up" their proof of ownership of the guns, Novak and Wenzel failed to do so.

## II. NOVAK'S AND WENZEL'S SUPPOSED "OWNERSHIP" OF THE GUNS AT ISSUE IS *NOT* ESTABLISHED.

"It is a fundamental rule that the burden of proof in its primary sense rests upon the party who, as determined by the pleadings, asserts the affirmative of an issue and it remains there until the termination of the action. *United States v. Smith*, 215 F.2d 217, 219 (6th Cir. 1954). *Accord Clukey v. Town of Camden*, 894 F.3d 25 (1st Cir. 2018) ("*one of the most basic principles of civil litigation is that the burden of proof rests upon the party who asserts the affirmative of an issue*").

The substance of all of Novak's and Wenzel's arguments rests upon the proposition that, because their affidavits and declarations claiming ownership of the guns have gone "unrebutted" by the Sheriff Federspiel, their claim of ownership must be accepted as "undisputed." **(Appellants' Brief, p. 9, including n. 6 and p. 21-22)**. But to say that a proposition is true simply on the basis that it has not been proved false is the "logical fallacy" of *argumentum ad ignorantiam*, which attempts "to shift the burden of proof improperly from the one who actually bears it." *Clark County Assessor v. Meijer Stores LP*, 119 N.E.3d 634 (Tax Court of Indiana, 2019).

No proposition can be determined true or false based simply upon "the lack of evidence to the contrary." ***Williams v. McCausland***, Nos. 90 Civ. 7563 and 91 Civ. 7281, 1994 WL18510, at *4, n. 1 (S.D.N.Y. Jan. 19, 1994).

An example of the *argumentum ad ignorantiam* would be the proposition that all people must accept that God exists, because no one can prove the contrary. And it was by the same reasoning that people were adjudged to be witches, because the accused could not disprove the accusation.

It is true that Sheriff Federspiel does not have personal knowledge to rebut the conclusory assertions by Novak and Wenzel that they own the 14 confiscated guns. But this does not carry Novak's and Wenzel's burden of affirmative proof regarding ownership of the guns.

As quoted above, the state circuit court dismissed Novak's and Wenzel's original claim and delivery action, with the observation that "*Plaintiffs have not provided sufficient evidence for this court to enter a claim and delivery judgment, even if it were the proper forum*." **(R. 11-15, Pg ID 1143, State   Court Opinion and Order, p. 9)**. And the state district court rejected Novak's and Wenzel's motion for summary disposition, because "*[t]here're just way too many fact issues here for me to grant a motion for summary disposition. . . . I mean just way, way, way, way, way too many*." **(R. 67-8, Pg ID 2550, State District Court Transcript, p. 43)**.

The federal district court recognized the same **(R. 62, Pg ID 2423, Opinion**

**and Order, 1/9/23, p. 9)** within the additional assessment that Plaintiffs' affidavits are "not credible." **(R. 97, Pg ID 2947, Opinion and Order, 3/29/24, pp. 16-17).** Having had opportunity for a hearing and presentation of proofs in (1) the state circuit court, (2) the state district court and (3) the federal district court, Novak's and Wenzel's "evidence" was found insufficient to carry their burden each time.

It is also important to remember that the property at issue here is not cash or cars. The property at issue is an arsenal of 14 guns, which the Sheriff is obligated to keep safe from those who cannot properly possess them. It would be improper for Sheriff Federspiel to return the guns to persons who do not truly own them (thus violating the property rights of those who do). But it would be equally improper for the sheriff to return the guns to persons who may be seeking them for the purpose of affording "constructive possession" to one (i.e., Heinrich) who is prohibited by 18 U.S.C. §922(g)(9) from having possession of a gun. The statute prohibits both "actual" and "constructive" possession. *Henderson v. United States*, 575 U.S. 622, 625-627 (2015) (*"Section 922(g) proscribes possession alone, but covers possession in every form"*). Even a court cannot approve a transfer that would give constructive control of guns to a person (like Heinrich) who is prohibited from possessing them. *Id.*, at 627.[4]

---

[4] The fact that neither Novak nor Wenzel has a license for the pistol absolutely precludes possession of the pistol being surrendered to either of them. Mich. Comp.

It must be remembered that Sheriff Federspiel is not a judicial officer empowered to weigh the credibility of affidavits or declarations from Novak and Wenzel. Again, the affidavits and declarations upon which Novak and Wenzel rely were submitted to judges in the course of judicial proceedings in the state courts and the federal district court. All those courts found the affidavits and declarations to be insufficient. **(R. 11-15, Pg ID 1143, State Circuit Court Opinion and Order, p. 9; R. 67-8, Pg ID 2550, State District Court Transcript, p. 43; R. 62, Pg ID 2423, Opinion and Order, 1/9/23, p. 9; R. 97, Pg ID 2947, Opinion and Order, 3/29/24, pp. 16-17).**

Sheriff Federspiel himself cannot rule upon the legitimacy of the affidavits and declarations for any purpose, much less for the purpose of handing fourteen guns over to Novak and Wenzel. The Sheriff certainly cannot credit Novak's and Wenzel's claims, when the courts do not. Again, as the state district court admonished: "*There're just way too may fact issues here. . . . I mean just way, way, way, way, way too many.*" **(R. 67-8, Pg ID 25-50, State District Court Transcript, p. 43)**.

Before Novak and Wenzel can require "rebuttal" from Sheriff Federspiel, they must first carry their own burden to present credible evidence (1) that they indeed

---

Laws §28.422(1)(a) (*"a person shall not . . . [p]urchase, carry, possess or transport a pistol in the state without first having obtained a license for the pistol"*).

own the guns and (2) that they are not acting as surrogates for Heinrich.  Novak and Wenzel have not done so.  Therefore, Sheriff Federspiel had nothing to rebut - - and all of Novak's and Wenzel's appellate arguments fail.

### III. BECAUSE NOVAK AND WENZEL HAVE ADMITTED THEY POSSESS NO PROOF OF OWNERSHIP BEYOND THEIR "SAY-SO," SUMMARY JUDGMENT AGAINST THEIR FIFTH AMENDMENT CLAIM SHOULD BE AFFIRMED.

Novak's and Wenzel's Fifth Amendment claim fails at the most fundamental level. "Plaintiffs' taking claims depend on the 'threshold matter' of whether they have established a property interest for purposes of the Fifth Amendment." *McCutchen v. United States*, 14 F.4th 1355, 1364 (Fed. Cir. 2021).  "[T]here is no taking if there is no private property in the first place." *Raceway Park, Inc. v. Ohio*, 356 F.3d 677, 683 (6th Cir. 2004).

More to the point, "the person seeking return of property must show that they are lawfully entitled to possess it." *Savoy v. U.S.*, 604 F.3d 929, 932-3 (6th Cir. 2010).  Novak and Wenzel have failed to do so.

As described above, both the federal district court, together with the state district and circuit courts have all admonished that the supposed ownership of Novak and Wenzel of the guns is not established.  In response to Novak's and Wenzel's motion seeking return of the guns, it was properly the role of the district judge "to assess the credibility of the witnesses," i.e., Novak's and Wenzel's affidavits and

declarations. *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981). The district court found the affidavits and declarations "not credible." **(R. 97, Pg ID 2947, Opinion and Order, 3/29/24, pp. 16-17).**

By necessity, Novak and Wenzel recognize that the initial seizure of the guns does not offer any basis for their claims. **(Appellants' Brief, pp. 48, 49).** "[I]t is well settled that a state's seizing and retaining property as part of a criminal investigation is not a 'taking' for a 'public purpose' under the Fifth Amendment, and thus does not give rise to a claim for just compensation." *Ostipow v. Federspiel*, 824 Fed. Appx. 336, 351 (6th Cir. 2020). And refusal by law enforcement to return previously seized property does not fall within the scope of the Fourth Amendment. *Fox v. Van Oosterum*, 176 F.3d 342, 348-51 (6th Cir. 1999). Therefore, the factual predicate for Novak's and Wenzel's claims is the refusal by Sheriff Federspiel to give Novak and Wenzel the guns upon their demand following the Heinrich criminal proceedings. **(Appellants' Brief, pp. 48, 49).**[5]

---

[5] Novak's and Wenzel's bare reference to their Fourth Amendment claim for the supposed purpose of "preservation for eventual en banc review" **(Appellants' Brief, p. 49),** fails that purpose. "An appellant abandons all issues not raised and *argued* in its *initial* brief on appeal." *Courser v. Allard*, 969 F.3d 604, 621 (6th Cir. 2020). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995-6 (6th Cir. 1997), *accord Buentenmiller v. Macomb County Jail*, 53 F.4th 939, 946 (6th Cir. 2022). Novak's and Wenzel's Fourth Amendment claim should be deemed abandoned.

Novak and Wenzel rely primarily on *Frein v. Pennsylvania State Police*, 47 F.4th 247 (3rd Cir. 2022). In that case, the police obtained a warrant to search the home that Eric Frein shared with his parents in the hope of finding a .308-caliber rifle that had been used in a murder. That gun was not found. But the parents' home contained 46 guns belonging to the parents, and the police seized them all. *Frein*, 47 F.4th at 250.

Novak and Wenzel highlight *Frein* for the proposition that property seized relative to criminal proceedings "must be returned once the criminal proceedings have concluded." *Frein*, 47 F.4th at 253. Novak and Wenzel tell this Court that they are "[j]ust like the plaintiff-appellant parents in *Frein*." **(Appellants' Brief, p. 25)**.

But Novak and Wenzel are <u>not</u> like the parents in *Frein* at all. In *Frein*, there was no question who owned the 46 seized guns. They were seized *from the parents* in the *parents' own home*.

In this case, the guns were seized *from Heinrich* in *Heinrich's home*. Novak and Wenzel were not even known as potential owners, until they called the sheriff's department after the conclusion of Heinrich's criminal proceedings.

And since that time Novak and Wenzel have offered no proof of ownership beyond their own say-so through conclusory affidavits and declarations submitted to the courts during litigation. As they acknowledge, they have no documentation of ownership. **(R. 20-9, Pg ID 1621, Novak Affidavit, 3/12/20, ¶ 4; R. 31-6, Pg ID**

1855, Novak Declaration, 9/2/21, ¶ 11; R. 20-10, Pg ID 1625, Wenzel Affidavit, 5/15/20, ¶ 5; R. 31-7, Pg ID 1856, Wenzel Declaration, 9/3/21, ¶ 5).

In *Frein*, the parents' ownership was conclusively known at the moment of seizure. But if Novak and Wenzel have any ownership interest in the guns, it remains completely unestablished.

Given this reality, it is both ironic *and* revealing that Novak and Wenzel raise an issue of "discovery" only with regard to the supposed "Monell" liability of Saginaw County (which has never been a party to this litigation). **(Appellants' Brief, pp. 52-55).** Novak and Wenzel do not seek discovery to produce any additional support for their assertion of "ownership" beyond the affidavits and declarations they have already submitted.

It should be recognized that Novak and Wenzel *themselves* invoked Rule 56 in pursuit of summary judgment even *before* Sheriff Federspiel filed his motion for summary judgment. **(R. 82, Pg ID 2708-2733, Plaintiffs' Motion for Partial Summary Judgment; R. 90, Pg ID 2815-2844, Defendants' Motion for Summary Judgment).** With regard to both their own motion and Federspiel's, Novak and Wenzel became obligated "to put up or shut up" on the "critical issue" of proving their ownership of the guns. *Cox*, 53 F.3rd at 149. Manifestly, Novak and Wenzel are content with the record as it stands in this regard - - and they should be bound by the inadequacy of that record.

The additional cases relied upon by Novak and Wenzel to support their Fifth Amendment claim also fail. None involved any doubt regarding the ownership of the property being sought.

In *Jenkins v. United States*, 71 F.4th 1367 (Fed. Cir. 2023), the court had the benefit of the title history of the vehicles at issue. The district court found the *Jenkins* plaintiff to have a cognizable property interest in the vehicles - - and the government did not challenge that finding on appeal. *Id.*, at 1370, 1373. So, as in *Frein*, there was no issue regarding the *Jenkins* plaintiff's ownership interest.

Likewise in *People v. Washington*, 134 Mich. App. 504, 351 N.W.2d 577 (1984), the property at issue (cash) was seized directly from the arrestee after it was taken pursuant to a search warrant at the time of his arrest. *Id.*, 351 N.W. 587. No intervening third party claimed any interest in the cash. *Id.*, 351 N.W.2d at 579. There was no dispute regarding ownership.

Finally in *United States v. Francis*, 646 F.2d 251 (6th Cir. 1981), the court *rejected* the claim by the mother of an arrestee, who sought to recover money found in the arrestee's drug paraphernalia. Specifically, the court "simply could not credit" the mother's claim of ownership by her mere say-so. *Id.*, at 262. This is no different than the circumstance here, where Novak and Wenzel offer nothing but their own say-so, and the district court found their conclusory affidavits and declarations to be "not credible." **(R. 97, Pg ID 2947, Opinion and Order, 3/29/24, pp. 16-17).**

In short, Sheriff Federspiel has not violated the Fifth Amendment, because Novak and Wenzel have never established their supposed property right in the guns. ***Raceway Park, Inc.***, 356 F.3d at 683, ***Savoy***, 604 F.3d at 932-3. The state district court, the state circuit court and the federal district have all admonished Novak and Wenzel that their proofs are not adequate.

Rather than satisfy their burden of proof, Novak and Wenzel attempt to evade it altogether by way of *argumentum ad ignorantium* - - while bootstrapping a 42 U.S.C. §1983 damage claim against Sheriff Federspiel for not crediting the conclusory assertions that the courts have rejected.

The district court properly granted summary judgment in favor of Sheriff Federspiel on the ground that the Plaintiffs "have no cognizable Fifth Amendment claim." **(R. 97, Pg ID 2947, Opinion and Order, 3/29/24, p. 17)**. That judgment should be affirmed.

## IV.   NOVAK AND WENZEL HAVE NO BASIS FOR A PROCEDURAL DUE PROCESS CLAIM.

Fundamentally, Novak's and Wenzel's procedural due process claim fails for the same reason as their Fifth Amendment claim. As Novak and Wenzel acknowledge, the first element of a due process claim requires them to show that they held a protected property interest in the guns.   **(Appellants' Brief, p. 35)**. Specifically:

To establish a procedural due process claim, one must

> show that (1) they had a life, liberty, or property interest
> protected by the Due Process Clause; (2) they were
> deprived of one of these protected interests; and (3) the
> state did not afford them adequate procedural rights in
> depriving them of the protected interest.
>
> *Mares v. Miami Valley Hospital*, 96 F.4th 945, 951 (6th
> Cir. 2024).

As with their Fifth Amendment claim, Novak and Wenzel simply assert that the first element is "easily shown" on the basis of their affidavits and declarations. **(Plaintiffs' Brief, p. 35)**. As described above, however, this is not true.

Nor can Novak and Wenzel claim to have been deprived of such supposed property interest (assuming it existed) without due process. They have received due process - - i.e., decisions on the merits of the claim and delivery actions in the state courts. They simply refuse to accept the result.

The "root requirement" of due process is that an individual be given an opportunity for a hearing before he is deprived of any significant property interest. *Zinerman v. Burch*, 494 U.S. 113, 127 (1990), quoting *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532 (1985). But as the Supreme Court has recently reiterated, the constitutional violation "is not complete when the deprivation occurs but, rather, only when the state fails to provide due process relevant thereto." *Zinerman*, 494 U.S. at 126; *Reed v. Goertz*, 598 U.S. 230, 236 (2023). In instances where rapid government action is required, such as property seizure incident to an arrest, procedural due process is satisfied by adequate post-deprivation hearing procedures.

*Fox*, 176 F.3d at 348-9.

As already adjudged by the state circuit court (*ruling on the merits of Novak's and Wenzel's original "claim and delivery" action*), the appropriate post-deprivation process is for Novak and Wenzel to move the state district court for possession of the guns under Mich. Comp. Laws §600.4705(1).   **(R. 11-15, Pg ID 1143, State Circuit Court Opinion and Order, p. 9)**. Novak and Wenzel protest that they cannot initiate a forfeiture proceeding under Mich. Comp. Laws §600.4701 et seq. **(Appellants' Brief, p. 16)**.  But nothing in Mich. Comp. Laws §600.4705(1) requires that the person seeking return of property do so - - or even that a forfeiture proceeding have been initiated by an appropriate government official.

Under Mich. Comp. Laws §600.4705(1), the person seeking seized property need only "move the court" for its return, without regard to whether any forfeiture has been initiated.  It is then the obligation of those officials who *could* initiate forfeiture to defend the property's retention. Mich. Comp. Laws §600.4705(2).  If those officials fail to do so, then the court "shall order the return of the property." Mich. Comp. Laws §600.4705(3).  There is absolutely no barrier to Novak and Wenzel proceeding in this manner as they were directed to do by the unappealed judgment of the state circuit court.

Critically, *none* of these statutory provisions involve initiative by the Sheriff. As Novak and Wenzel themselves assert: "Michigan law is clear - - only the

Michigan Attorney General, a prosecuting attorney, or a city or township attorney can institute a civil action for feature." **(Appellants' Brief, p. 12)**. None of the forfeiture statutes reference any requirement for action by the Sheriff.

Novak and Wenzel predicate their procedural due process argument on the repeated assertion that the Sheriff was "expressly responsible" to provide notice and "commenc[e]" proceedings under the forfeiture statutes. **(Appellants' Brief, pp. 6-8, 36-38, 40-41)**. But the provisions they cite confine such obligation solely to "the Attorney General, or the prosecuting attorney or the city or township attorney for the local unit of government in which the property was seized" - - as Novak and Wenzel themselves ultimately acknowledge. **(Appellants' Brief, p. 12)**. The due process argument by Novak and Wenzel against Sheriff Federspiel is a complete *non sequitur*.

Moreover, the state district court indulged Novak's and Wenzel's choice to plead a second "claim and delivery" action, rather than follow Mich. Comp. Laws §600.4705(1). And that court also rejected their claim on the merits - - initially because Novak's and Wenzel's lack of proof regarding ownership left "way, way, way, way, way too many fact issues" and, thereafter, because Novak and Wenzel had sued an improper defendant (i.e., the Sheriff's "office") that would have immunity. **(R. 67-8, Pg ID 2550, State District Court Transcript, p. 43; R. 11-24, Pg ID 1252, State District Court Order, 8/16/21)**.

It becomes apparent that Novak and Wenzel will not accept that they have been afforded due process, unless the Sheriff affords relief that the state courts have expressly denied. But Novak and Wenzel cannot claim to have been denied notice and hearing. Their "claim and delivery" action has been considered on its own merits by both state courts - - and then by the federal district court as well.

To the extent Novak and Wenzel have not received an alternative hearing under Mich. Comp. Laws §600.4705(1) this is entirely the consequence of their own choice not to proceed under the statute. This affords no basis for liability on the part of Sheriff Federspiel. Novak and Wenzel cannot claim a Fourteenth Amendment procedural due process violation, when a procedure was available and they themselves failed to take advantage of it. *Shoemaker v. City of Howell*, 795 F.3d 553, 560 (6th Cir. 2015), *Dubuc v. Township of Green Oak*, 406 Fed. Appx. 983, 989 (6th Cir. 2011). In the words of the 10th Circuit, "[a] party cannot create a due process violation by ignoring established procedures." *Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004). That should certainly be true here, where Novak and Wenzel were directed by the original, unappealed state circuit court judgment to seek their recovery via Mich. Comp. Laws §600.4705(1), but they refused to do so. Summary judgment against Novak's and Wenzel's procedural due process claim should be affirmed.

### V.    NOVAK AND WENZEL HAVE NO BASIS FOR A SUBSTANTIVE DUE PROCESS CLAIM.

As with procedural due process, the substantive due process claim by Novak and Wenzel fails, because Novak and Wenzel have failed to demonstrate that they held a protected property interest in the guns. Their attempt to shift focus to the supposedly "arbitrary" or "conscience shocking" refusal by Sheriff Federspiel to surrender the guns is unavailing. There is nothing arbitrary or conscience-shocking about a law enforcement officer refusing to surrender guns to persons who have no proof of ownership.

There is no basis whatsoever for Novak or Wenzel to accuse the Sheriff of "[p]icking and choosing" sections of the Michigan statute to obey. **(Appellants' Brief, p. 42)**. As described above, the statutory obligations that Novak and Wenzel cite (i.e., the provisions of Mich. Comp. Laws §600.4701 et seq) are not directed toward the Sheriff at all.

More fundamentally, the concept of substantive due process is categorically inapplicable to the substance of this case. "[W]here another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess the plaintiff's claims under the explicit provision and not the more generalized notion of substantive due process." *Conn v. Gabbert*, 526 U.S. 286, 293 (1999).

The explicit source of federal protection against the taking of property rights is the Fifth Amendment. A claimant cannot "merely repackage[] a takings claim as

a substantive due process violation." ***Choate's Air Conditioning & Heating, Inc. v. Light, Gas, Water Division of City of Memphis***, 16 Fed. Appx. 323, 330-1 (6th Cir. 2001). Novak and Wenzel cannot evade the failure of their Fifth Amendment claim by invocation of "substantive due process."

Moreover, it is well established that the rights encompassed within the scope of substantive due process are extremely limited, e.g., marriage, marital privacy, contraception, the bearing of children and the upbringing of children. ***Seal v. Morgan***, 429 F.3d 564, 574-5 (6th Cir. 2000). Substantive due process has not been extended to rights in physical property. The attempt by Novak and Wenzel to use substantive due process as an all-purpose back-up claim should be rejected. Summary judgment against Novak's and Wenzel's substantive due process claim should be affirmed.

## VI.   NOVAK AND WENZEL HAVE NO BASIS FOR THEIR SECOND AMENDMENT CLAIM.

Novak's and Wenzel's Second Amendment argument is misguided. Characterizing Sheriff Federspiel's refusal to surrender the firearms to Novak and Wenzel as "regulatory action," **(Appellants' Brief, p. 45)**, Novak and Wenzel contend that refusal to surrender the firearms violates the Second Amendment under the analytical framework of ***New York State Rifle & Pistol Association, Inc. v. Bruen***, 597 U.S. 1 (2022).

In ***Bruen***, the Supreme Court clarified that "[w]hen the Second Amendment's

plain text covers an individual's conduct, the Constitution presumptively protects that conduct," and "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." But *Bruen* dealt with actual "regulation," i.e., state statutes regarding the licensing of firearms.

In the present case, there is no statute, ordinance or regulation involved. Forfeiture of the firearms was not sought under the state statutory scheme. Nor does Sheriff Federspiel have any objection (by reference to any statute, ordinance, regulation or otherwise) to surrendering the firearms to their owner or owners.

The question is not one of "regulation." The question is one of proof. Yet again, Novak and Wenzel ignore the reality that their supposed "ownership" has not been proven - - as they have been told by all three courts that have considered the merits of their claims.

Even assuming the *Bruen* framework applied, it defies both research and common sense to suggest that withholding firearms from persons lacking proof of ownership is not "consistent" with historical tradition. There is no "tradition" of law enforcement surrendering seized firearms to strangers who have no documentation of their supposed property interest in the weapons. Rather, the law is clear that "the person seeking return of property must *show* that they are lawfully *entitled* to possess it." *Savoy*, 604 F.3d at 932-3, *emphasis added*.

Moreover, as observed by this Court, it is not clearly established even that an individual with a demonstrable property interest in a particular gun can claim a Second Amendment entitlement to possession of that particular weapon. *Meeks v. Larsen*, 611 Fed. Appx. 277, 286 (6th Cir. 2015). It is certainly not established to be "historical tradition."

Regardless of how conceptualized or framed, "the right secured by the Second Amendment is not unlimited," and it is "not a right to keep an carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *United States v. Rahimi*, 602 U.S. ___, 144 S. Ct. 1889, 1897 (2024), *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). It is certainly not a right to keep and carry a gun for which one has no proof of ownership (i.e., a pistol for which one lacks the requisite license).

Novak and Wenzel have pressed their demand for the guns under the guise of "claim and delivery" in the state circuit court, the state district court and the federal district court. Their supposed proofs of ownership were found insufficient by each court in succession. Nothing in the "plain text" of the Second Amendment or the "historical tradition" of the United States requires Sheriff Federspiel to surrender the guns to Novak and Wenzel in such circumstances. Summary judgment against Novak's and Wenzel's Second Amendment claim should be affirmed.

## VII. SHERIFF FEDERSPIEL HAS QUALIFIED IMMUNITY AGAINST THE PLAINTIFFS-

## APPELLANTS' FEDERAL CLAIMS.

"The doctrine of qualified immunity protects governmental officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The issue of an officer's qualified immunity invokes a two-pronged inquiry. On the one hand, "a court must decide whether the facts that the plaintiff has alleged or shown make up a violation of a constitutional right." *Id.*, at 232. On the other hand, "the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id.* "A plaintiff must satisfy both inquiries in order to defeat the assertion of qualified immunity." *Sumpter v. Wayne County*, 868 F.3d 473, 480 (6th Cir. 2017).

The burden is on Novak and Wenzel to demonstrate that Sheriff Federspiel should be denied immunity. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014), *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018). As described above, Novak and Wenzel have not done so.

By footnote, Novak and Wenzel waive any Second Amendment damage claim against Sheriff Federspiel. They assert that this "renders the affirmative defense of qualified immunity, as heavily and incorrectly utilized by the District Court, totally moot." **(Appellants' Brief, p. 44, n. 22)**.

Sheriff Federspiel welcomes the waiver. But qualified immunity was argued with regard to *all* of Novak's and Wenzel's federal claims generally, not just the Second Amendment claim. **(R. 90, Pg ID 2826-2829, Defendants' Motion for Summary Judgment, pp. 5-8; See also R. 97, Pg ID 2947, Opinion and Order, 3/29/24, p. 17)**. As Sheriff Federspiel argued below, "*Plaintiffs have failed to plead or identify a constitutional violation or a Sheriff's policy or practice which caused a constitutional deprivation.*" **(R. 90, Pg ID 2829, Defendants' Motion for Summary Judgment, p. 8)**. This continues to be the situation. As described above, the Plaintiffs have not identified any action by Sheriff Federspiel that actually caused any constitutional deprivation. Therefore, Sheriff Federspiel has immunity against all of Novak's and Wenzel's federal claims.

## VIII. NOVAK AND WENZEL HAVE NO BASIS TO MAINTAIN THEIR STATE-LAW "CLAIM AND DELIVERY/REPLEVIN" THEORY OF RECOVERY.

As with their federal claims, Novak and Wenzel predicate their "claim and delivery/replevin" theory of recovery upon the assertion that they have somehow proven their ownership of the guns. Alternatively, they assert that replevin should be recognized as the appropriate vehicle to determine their ownership. **(Appellants' Brief, pp. 50-51)**. But Novak and Wenzel ignore the impact of their own litigation history.

Both the state circuit court and the state district court addressed Novak's and

Wenzel's claim and delivery/replevin theory on its merits, and both courts rendered judgments against them. The state circuit court judgment included the observation that "*Plaintiffs have not provided sufficient evidence for this Court to enter a claim and delivery judgment, even if it were the proper forum.*" **(R. 11-15, Pg ID 1143, State Circuit Court Opinion and Order, p. 9)**. The state district court likewise rejected Novak's and Wenzel's motion for summary disposition, because "*[t]here're just way too may fact issues here for me to grant a motion for summary disposition. . . . I mean just way, way, way, way, way too many.*" **(R. 67-8, Pg ID 2550, State Court Transcript, p. 43)**. The state circuit court judgment was not appealed. The state district court judgment was appealed and affirmed. Both courts found that Novak and Wenzel had not presented adequate proofs to sustain the elements of claim and delivery/replevin.

As described in Argument section XI below, the state court judgments against Novak and Wenzel should have operated as res judicata against Novak's and Wenzel's current federal litigation in its entirety. Nevertheless, the federal district court again indulged the merits of "claim and delivery" held that "*Plaintiffs cannot establish the elements of claim and delivery as a matter of law.*" **(R. 97, Pg ID 2966, Opinion and Order, 3/29/24, p. 36)**.

The fundamental element of claim and delivery is that the defendant has unlawfully detained the plaintiff's property. Mich. Ct. R. 3.105(A)(1) and (2), Mich.

Comp. Laws §600.2920(1). Novak and Wenzel cannot satisfy this element, because their supposed ownership of the guns has not been demonstrated by adequate proof - - as all three courts below have agreed. **(R. 97, Pg ID 2967, Opinion and Order, 3/29/24, p. 37; R. 11-15, Pg ID 1143, State Circuit Court Opinion and Order, p. 9; R. 67-8, Pg ID 2550, State District Court Transcript, p. 43)**.

Having themselves invoked Rule 56 seeking summary judgment on their claim and delivery/replevin theory of recovery (which proof of their property interest in the guns was a "critical issue"), Novak and Wenzel failed to "put up" adequate proof. *Cox*, 53 F.3d at 149. This dooms their claim - - yet again - - on its merits. Summary Judgment against Novak's and Wenzell's claim and delivery/replevin theory should be affirmed.

### IX. NOVAK AND WENZEL CANNOT SUSTAIN AN "INVERSE CONDEMNATION" CLAIM UNDER MICHIGAN LAW.

On appeal, Novak and Wenzel make no argument regarding their so-called "Bauserman-style" claims. Instead, they expressly argue their "inverse condemnation" claim as independent of any "Bauserman-style" claim.[6]

In reality, they have no choice. The Michigan Supreme Court held in

---

[6] As with their Fourth Amendment claim (see n. 5), Novak and Wenzel should be deemed to have abandoned their so-called "Bauserman" claims by failure to brief them. *Courser*, 969 F.3d at 621, *McPherson*, 125 F.3d at 995-6.

*Bauserman v. Unemployment Insurance Agency*, 509 Mich. 673, 983 N.W.2d 855 (2022), that the *State of Michigan* can be liable in damages for violations of the Michigan Constitution. *Id.*, 983 N.W.2d at 865-6. The possible liability by a county or other municipal entity was not at issue. At present, the controlling precedent remains *Jones v. Powell*, 462 Mich. 329, 612 N.W.2d 423 (2000), which holds there is <u>no</u> "support for inferring a damage remedy for a violation of the Michigan Constitution in an action against a municipality or an individual government employee." *Id.*, 612 N.W.2d at 426.

But even indulging "inverse condemnation" as a theory of recovery independent of any "Bauserman-style" claim, Novak and Wenzel have no basis for an inverse condemnation claim.

Indeed it is ironic that Novak and Wenzel quote *Rafaeli, LLC v. Oakland County*, 505 Mich. 429, 952 N.W.2d 434 (2020) for the proposition that Michigan's Takings Clause affords "*owners*" greater protection than its federal counterpart. **(Appellants' Brief, p. 52)**. As described repeatedly above, Novak and Wenzel have not shown themselves to be "owners" of the guns at issues. Therefore, they lack the foundational requirement for an inverse condemnation claim. Summary judgment against Novak's and Wenzel's inverse condemnation claim should be affirmed.

## X.    SHERIFF FEDERSPIEL HAS GOVERNMENTAL IMMUNITY AGAINST THE PLAINTIFFS' STATE CLAIMS.

Novak and Wenzel contend in a footnote that Michigan governmental immunity does not apply to "claim and delivery," so the district court was supposedly correct to reject that defense in that regard. **(Appellants' Brief, p. 12, n. 8)**. This misconstrues the law and the district court's ruling.

As Novak and Wenzel themselves acknowledge, claim and delivery (replevin) as a "tort" **(Appellants' Brief, pp. 50-1)**. *Jay Dee Contractors, Inc. v. Fattore Construction Co.*, 96 Mich. App. 519, 522, 293 N.W.2d 620, 621-2 (1980). So Michigan's Governmental Tort Liability Act would, in fact, preclude any monetary damage claim against the sheriff, as described below in regard to inverse condemnation. But the district court recognized that Novak and Wenzel had expressly disclaimed any "monetary-damages" recovery under their claim and delivery/replevin theory, precisely "because a monetary-damage remedy is barred by governmental immunity under Michigan tort law." **(R. 79, Pg ID 2643, First Amended Complaint, ¶ 124; R. 97, Pg ID 2966, Opinion and Order, 3/29/24, p. 36, n. 14)**.

With regard to Novak's and Wenzel's allegation of "inverse condemnation," such claim is predicated upon supposed violation of Article X, §2 of the Michigan Constitution of 1963. **(R. 79, Pg ID 2632, First Amended Complaint, ¶ 65)**. The Michigan Supreme Court confirmed in ***Bauserman*** that a violation of the Michigan Constitution is a "constitutional *tort*." ***Bauserman***, 509 Mich. at 681, 687-8, 711,

983 N.W.2d at 859-60, 862-3, 875.  Although a governmental entity can be held liable for inverse condemnation under Article X, §2 of the Michigan Constitution, liability has not been extended to individual government officials.  See *Rafaeli*, holding a county liable for inverse condemnation, but not the treasurer whose actions precipitated the taking.

Under Michigan law, the elective heads of all levels of government are immune from state-law tort liability for injuries to persons or damages to property, if the official is acting within the scope of his or her judicial, legislative or executive authority.  Mich. Comp. Laws §691.1407(5).  This absolute immunity protects the county sheriff as the highest elected official and executive officer of a county's law enforcement.  *Margaris v. Genesee County*, 324 Mich. App. 111, 116-7, 919 N.W.2d 659, 663 (2018), *Rose v. Saginaw County*, 353 F. Supp. 2d 900, 924-5 (E.D. Mich. 2005).

There can be no dispute that Sheriff Federspiel is acting within his executive authority as a law enforcement officer in refusing to release the guns to Novak and Wenzel in the absence of proper proof of ownership (and the absence of a license for the pistol).  This is particularly so, given that Sheriff Federspiel has been party to two state-court cases in which Novak's and Wenzel's claim of ownership was expressly found by the state courts to be unproven.

Moreover, even apart from such absolute immunity, the sheriff has

governmental immunity for *non-intentional* torts, so long as the sheriff's actions are not "gross negligence" (defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results"). Mich. Comp. Laws §691.1407(2) and (8)(a). The sheriff also has immunity against *intentional* tort claims, so long as the sheriff acted within the scope of his or her employment and authority, in good faith and without malice. Mich. Comp. Laws §691.1407(3), ***Odom v. Wayne County***, 482 Mich. 459, 480, 760 N.W.2d 217, 228 (2008).

Again, it is certainly within the scope of the sheriff's employment and authority to refuse to return an arsenal of guns to persons lacking proof of ownership, particularly when the lack of proof has been confirmed by two state courts. It is neither grossly negligent, reckless, malicious, nor outside the realm of good faith for Sheriff Federspiel to refuse to surrender the guns to Novak and Wenzel.

Therefore, Sheriff Federspiel can properly claim governmental immunity against Novak's and Wenzel's state-court claims, as he argued below. **(R. 87, Pg ID 2786-2789, Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment, pp. 19-22)**.

## XI.   NOVAK'S AND WENZEL'S CLAIMS ARE ALL BARRED BY RES JUDICATA.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. ***Migra v. Warren City School Dist. Bd. of Education***, 465

U.S. 75, 81 (1984). Michigan follows "a broad approach to the doctrine of res judicata" which "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v. Michigan*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (2004), *Ludwig v. Township of Van Buren*, 682 F.3d 457, 460 (6th Cir. 2012).

As observed by the Michigan Court of Appeals:

> If a party fails in making a full presentation of its case, whereby judgment is passed against him, he cannot be permitted to make a better showing in a new suit.
>
> *Eyde v. Charter Township of Meridian*, 118 Mich. App. 43, 50, 324 N.W.2d 775, 778 (1982).

Novak and Wenzel brought their claim and delivery/replevin action twice in the state courts - - and lost both times. They could not properly assert that claim yet again in the federal district court. And under Michigan's "broad" approach to res judicata, Novak's and Wenzel's other claims, both state and federal alike, are all barred as well.

Res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was or could have been resolved in the first." *Adair*, 470 Mich. at 121, 680 N.W.2d at 396. All three criteria are satisfied here.

Both of the prior state court cases resulted in judgments on the merits of the claim that Novak and Wenzel chose to plead, i.e., "claim and delivery." Addressing

the merits of "claim and delivery," the state circuit court held that theory of recovery to be improper and directed Novak and Wenzel to litigate their possessory claim for the guns in state district court under the statutory provisions of Mich. Comp. Laws §600.4705. **(R. 11-15, Pg ID 1142, State Circuit Court Judgment, p. 8)**. Novak and Wenzel disagreed. But they never appealed the decision, so the judgment stands. *Foster v. Foster*, 509 Mich. 109, 121, 983 N.W.2d 373, 379 (2022), quoting *Federated Dep't Stores, Inc. v. Moitie*, 542 U.S. 394, 398 (1981).

Likewise, the district court issued a merits decision. Indulging Novak's and Wenzel's choice to again plead "claim and delivery," the district court initially rejected Novak's and Wenzel's own demand for summary disposition on the ground that there remained "way, way, way, way, way too many" questions of fact regarding their supposed ownership of the guns. **(R. 67-8, Pg ID 2550, State District Court Transcript, p. 43)**. The state district court then granted summary disposition to the Saginaw County Sheriff's Office against Novak's and Wenzel's claim on the ground that the Sheriff's Office was not a legal entity subject to suit and would be protected by governmental immunity anyway. **(R. 11-24, Pg ID 1252, 1253, State District Court Order, 8/16/21)**.

The second element for res judicata also exists. Novak and Wenzel were the named Plaintiffs in both prior state court cases, as well as the present federal action. Sheriff Federspiel was added as an individual defendant by the Amended Complaint

in the original state circuit court case. **(R. 11-10, Pg ID 1064-1069, First Amended State Circuit Court Complaint)**. This accords with Sheriff Federspiel's position in "personal capacity" in the present federal case. And Federspiel's position in his "official capacity" in the present case accords with the "Saginaw County Sheriff's Department," which was a named defendant in both the state circuit court and state district court cases. *Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985). Therefore, the present federal case involves the same parties or privies from the state cases.

Indeed, under Michigan law, the employer-employee relationship between a governmental official and the agency for which he works renders the official in his personal capacity a "privy" of his employing agency. *Viele v. D.C.M.A.*, 167 Mich. App. 571, 579-81, 423 N.W.2d 270, 274 (1988), *McCoy v. Michigan*, 369 Fed. Appx. 646, 650 (6th Cir. 2010). Therefore, the element of "privity" for application of res judicata exists with regard to Sheriff Federspiel in <u>both</u> his "official" and "personal" capacities in the present case.

Finally, the third element of res judicata also exists. It cannot be disputed that Michigan courts hear and resolve claims involving all theories presented by Novak and Wenzel in the present federal case. *Whitcraft v. Wolfe*, 148 Mich. App. 40, 384 N.W.2d 400 (1985) (*replevin*), *Butler v. Michigan State Disbursement Unit*, 275 Mich. App. 309, 310-11, 312, 738 N.W.2d 269, 270-1 (2007) (*Fifth Amendment taking*), *York v. Civil Service Commission*, 263 Mich. App. 694, 702-4, 689 N.W.2d

533, 539-40 (2004) (*procedural due process under the Fourteenth Amendment*), ***Morden v. Grand Traverse County***, 275 Mich. App. 325, 333, 738 N.W.2d 278, 283 (2007) (*substantive due process under the Fourteenth Amendment*), ***Peterson Novelties, Inc. v. City of Berkley***, 259 Mich. App. 1, 23-4, 672 N.W.2d 351, 364-5 (2003) (*Fourth Amendment claim for taking and deprivation of property*), ***Rafaeli, LLC v. Oakland County***, 505 Mich. 429, 952 N.W.2d 434 (2020) (*inverse condemnation*), and ***Bauserman v. Unemployment Insurance Agency***, 509 Mich. 673, 983 N.W.2d 855 (2022) ("***Bauserman***" *claims*).  Every claim pleaded by Novak and Wenzel in the present federal case could have been pleaded and litigated in the state court cases.

Therefore, all claims pleaded by Novak and Wenzel against Sheriff Federspiel relating to the guns in the present case are precluded by res judicata, because the claims could have been brought in the state cases.  *Adair*, 470 Mich. at 121, 680 N.W.2d at 396, *Ludwig*, 682 F.3d at 460.  As aptly observed by the Michigan Supreme Court, a supposed "right to 'sue till something gives' cannot be sound law," and public policy "cannot gladly permit repeated litigation of the same old question." ***Knowlton v. City of Port Huron***, 355 Mich. 448, 456, 94 N.W.2d 824, 828 (1959). Novak's and Wenzel's attempt to relitigate their demand for the guns in federal court after their failures in the state courts should be rejected.

## XII.  NOVAK AND WENZEL HAVE NO JUSTIFICATION TO DEMAND DISCOVERY

## FOR THEIR SUPPOSED "MONELL" CLAIM.

After filing their motion for partial summary judgment in the federal district court, Novak and Wenzel then sought discovery regarding their supposed municipal liability claim with reference to ***Monell v. Dep't of Social Services of City of New York***, 436 U.S. 658 (1978). **(R. 83, Pg ID 2734-2741, Motion for Discovery).** As described above, however, there is no basis to accuse Sheriff Federspiel of having violated any clearly established constitutional rights of Novak or Wenzel.

Therefore, there is no basis for municipal liability on the part of Saginaw County or its Sheriffs Department. ***City of Los Angeles v. Heller***, 475 U.S. 796, 799 (1986), ***Vereecke v. Huron Valley School Dist.***, 609 F.3d 392, 404 (6th Cir. 2010). Where an individual government official does not violate the plaintiff's constitutional rights, the plaintiff cannot rely on their that official's conduct to establish a claim of municipal liability, regardless what municipal policy may theoretically allow. ***Id***.

With this context, there is no justification for any discovery regarding Novak's and Wenzel's supposed "Monell" claim. Their demand was properly rejected.

## CONCLUSION AND RELIEF REQUESTED

For the reasons described above, the federal district court correctly granted summary judgment in favor of Defendant-Appellee Sheriff William L. Federspiel. In the context of the parties' competing motions for summary judgment, it was the burden of Novak and Wenzel to "put up or shut up" regarding their affirmative burden to demonstrate their property interest in the guns they demand from the Sheriff.

Because Novak and Wenzel failed to do so, judgment was properly granted in favor of the Sheriff. That judgment should be affirmed.

<div style="margin-left:40%">

s/Douglas J. Curlew
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
Ph: (734) 261-2400
Email: dcurlew@cmda-law.com
Attorneys for Defendant-Appellee

</div>

Dated: September 6, 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to the 6th Cir. R. 32(a)(7)(c), the undersigned certifies this brief complies with the type-volume limitations of 6th Cir. R. 32(a)(7)(B).

1. Exclusive of the exempted portions in 6th Cir. R. 32(a)(7)(B)(iii), the brief contains:

   A. 12,447 words.

2. The brief has been prepared:

   B. in proportionally spaced typeface using "Times New Roman" in font size 14.

<div style="text-align:right">

s/Douglas J. Curlew
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
Ph: (734) 261-2400
Email: dcurlew@cmda-law.com
Attorneys for Defendant-Appellee

</div>

Dated:  September 9, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following: All Attorneys of Record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: N/A.

<div style="text-align:right">

s/Marie E. Jones
Legal Assistant
Cummings, McClorey, Davis & Acho, P.L.C.

</div>

# RECORD APPENDIX MAKING
## DESIGNATION OF DOCUMENTS

| Record Entry No./Page ID | Description |
| --- | --- |
| R. 1, Pg ID 1-14 | Complaint |
| R. 5, Pg ID 106-121 | Opinion and Order Staying Case |
| R. 6, Pg ID 122 | Notice of Appeal |
| R. 7, Pg ID 123 | Certificate of Service |
| R. 11-1, Pg ID 898 | State Circuit Court Complaint |
| R. 11-10, Pg ID 1064-1069 | First Amended State Circuit Court Complaint |
| R. 11-15, Pg ID 1135-1144 | State Circuit Court Opinion and Order |
| R. 11-17, Pg ID 1197 | State District Court Complaint |
| R. 11-24, Pg ID 1253 | State District Court Order, 8/6/21 |
| R. 11-14, Pg ID 1254 | Claim of Appeal |
| R. 20-2, Pg ID 1559-1576 | Saginaw County Sheriff's Office Crime Report, 10/24/17 |
| R. 20-3, Pg ID 1559-1576 | Sheriff's Department Photographs |
| R. 20-4, Pg ID 1595-1598 | State Criminal Court Docket |
| R. 20-9, Pg ID 1621-1622 | Novak Affidavit, 3/12/20 |
| R. 20-10, Pg ID 1625 | Wenzel Affidavit, 5/15/20 |
| R. 31-6, Pg ID 1854-1855 | Novak Declaration, 9/2/21 |
| R. 31-7, Pg ID 1854-1855 | Wenzel Declaration, 9/3/21 |

| **Record Entry No./Page ID** | **Description** |
| --- | --- |
| R. 37, Pg ID 2056-2085 | Opinion and Order Staying Case 11/23/22 |
| R. 67-8, Pg ID 2508-2553 | State District Court Transcript, 4/5/21 |
| R. 74-1, Pg ID 2609 | Michigan Supreme Court Order |
| R. 78, Pg ID 2616-2619 | Stipulated Order |
| R. 79, Pg ID 2620-2646 | First Amended Complaint |
| R. 82, Pg ID 2708-2733 | Plaintiffs' Motion for Partial Summary Judgment |
| R. 87, Pg ID 2761-2793 | Defendant's Response to Plaintiffs' Motion for Partial Summary Judgment |
| R. 90, Pg ID 2815-2844 | Defendant's Motion and Brief for Summary Judgment |
| R. 97, Pg ID 2931-2969 | Opinion and Order, 3/29/24 |
| R. 99, Pg ID 2971 | Notice of Appeal |