No. 24-01278

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

_____

GERALD NOVAK and
ADAM WENZEL,
*Plaintiffs - Appellants,*

v.

WILLIAM L. FEDERSPIEL,
in his official and personal capacities,
*Defendant - Appellee*

_____

On Appeal from the United States District Court
for the Eastern District of Michigan – Northern Division
Honorable Thomas L. Ludington, District Court Judge

_____

**APPELLANTS' REPLY**

_____

Thomas J. Lambert (P86348)
Thomas J. Lambert, plc
PO Box 144
Jamestown, MI 49427
(616) 275-2976
tlambert@tjlplc.com

Philip L. Ellison (P74117)
Outside Legal Counsel plc
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................. *ii*

REPLY ................................................................................................ 1

ARGUMENT ..................................................................................... 2

    I.    Ownership ............................................................. 2

    II.   Mistakes .............................................................. 5

    III.  Substantive Federal Arguments ......................... 8

        A.    Fourth Amendment ...................................... 8

        B.    Takings ....................................................... 9

        C.    Due Process ............................................... 11

        D.    Second Amendment .................................... 15

        E.    Qualified Immunity ................................... 17

    IV.  Res Judicata ....................................................... 18

    V.   State Law Arguments ......................................... 24

        A.    Immunity .................................................. 24

        B.    Replevin (Claim and Delivery) ................... 25

        C.    Inverse Condemnation ............................... 26

RELIEF REQUESTED ................................................................... 27

CERTIFICATE OF COMPLIANCE ............................................... 28

CERTIFICATE OF SERVICE ........................................................ 29

DESIGNATION OF RELEVANT
 DISTRICT COURT DOCUMENTS ........................................ 30

# TABLE OF AUTHORITIES

## CASES

*Abbott v. Michigan,*
474 F.3d 324 (6th Cir. 2007) ........................................................... 19

*Adair v. Michigan,*
680 N.W.2d 386 (Mich. 2004) ......................................................... 19

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) .................................................................... 3, 4

*Andrews v. Daw,*
201 F.3d 521 (4th Cir. 2000) ........................................................... 23

*Asinor v. Dist. of Columbia,*
2024 U.S. App. LEXIS 20098 (D.C. Cir. Aug. 9, 2024) ................... 9

*Baraga Cnty. v. State Tax Comm'n,*
645 N.W.2d 13 (Mich. 2002) ........................................................... 19

*Bauserman v. Unemployment Ins. Agency,*
983 N.W.2d 855 (Mich. 2022) ......................................................... 26

*Bennett v. City of Eastpointe,*
410 F.3d 810 (6th Cir. 2005) ............................................................. 3

*Brewster v. Beck,*
859 F.3d 1194 (9th Cir. 2017) ........................................................... 8

*Clark v. West,*
23 Mich. 242 (1871) ......................................................................... 25

*Culley v. Marshall,*
601 U.S. 377 (2024) ......................................................................... 12

*Electro-Tech, Inc. v. H F Campbell Co.,*
445 N.W.2d 61 (Mich. 1989) ........................................................... 26

*Fox v. Bd. of Regents of Univ. of Mich.*,
134 N.W.2d 146 (Mich. 1965) ......................................................... 20

*Fox v. Van Oosterum*,
176 F.3d 342 (6th Cir. 1999) ........................................................... 8

*Francis v. Clark Equip. Co.*,
993 F.2d 545 (6th Cir. 1993) ......................................................... 25

*Frantz-Hager v. Newmeyer*,
2016 Mich. App. LEXIS 578 (Mich. Ct. App. Mar. 17, 2016) ........ 20

*Frein v. Penn. State Police*,
47 F.4th 247 (3d Cir. 2022) ................................................ *in passim*

*Garrett v. Washington*,
886 N.W.2d 762 (Mich. Ct. App. 2016) ......................................... 21

*Hahn v. Star Bank*,
190 F.3d 708 (6th Cir. 1999). ....................................................... 13

*Harris v. City of Akron*,
20 F.3d 1396 (6th Cir. 1994) ......................................................... 12

*Howell v. Vito's Trucking & Excavating Co.*,
191 N.W.2d 313 (Mich. 1971) ................................................... 22-23

*In re Forfeiture of $19,250*,
530 N.W.2d 759 (Mich. Ct. App. 1995) ......................................... 12

*Jackson City Bank & Trust Co. v. Fredrick*,
260 N.W. 908 (Mich. 1935) ........................................................... 20

*Jenkins v. United States*,
71 F.4th 1367 (Fed. Cir. 2023) .................................................. 9, 10

*Kanuszewski v. MDHHS*,
927 F.3d 396 (6th Cir. 2019) ..................................................... 17-18

*LaSalle Bank Midwest, NA v. Computer Bus. World, LLC*,
2016 Mich. App. LEXIS 866 (Mich. Ct. App. 2016) ....................... 20

*Martin v. Am. Bancorp Retirement Plan*,
  407 F.3d 643 (4th Cir. 2005) ...................................................... 22

*McIntyre v. McIntyre*,
  171 N.W. 393 (Mich. 1919) ..................................................... 20-21

*Mitchum v. Foster*,
  407 U.S. 225 (1972) ..................................................................... 1

*N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*,
  597 U.S. 1 (2022) ................................................................. 15, 17

*O'Connor v. Eubanks*,
  83 F.4th 1018 (6th Cir. 2023) .................................................... 18

*Ostipow v. Federspiel*,
  824 Fed. App'x 336 (6th Cir. 2020) ........................................... 23

*People v. Washington*,
  351 N.W.2d 577 (Mich. Ct. App. 1984) ......................................... 1

*Peterman v. Dep't of Natural Resources*,
  521 N.W.2d 499 (Mich. 1994) .................................................... 26

*Peterson Novelties, Inc. v. City of Berkley*,
  672 N.W.2d 351 (Mich. Ct. App. 2003) ....................................... 24

*Sterling Hotels, LLC v. McKay*,
  71 F.4th 463 (6th Cir. 2023) ..................................................... 18

*Tamulion v. State Waterways Comm'n*,
  212 N.W.2d 828 (Mich. Ct. App. 1973) ....................................... 26

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) .................................................................. 19

*United States v. Bearden*,
  274 F.3d 1031 (6th Cir. 2001) ..................................................... 3

*United States v. Chambers*,
  192 F.3d 374 (3d Cir. 1999) ................................................. 1, 11

*United States v. Francis,*
   646 F.2d 251 (6th Cir. 1981) ............................................................. 1

*Wayne Cnty. v. Detroit,*
   590 N.W.2d 619 (1998) ................................................................. 19

*Wright v. Genesee Cnty.,*
   934 N.W.2d 805 (Mich. 2019) ........................................................ 24

## CONSTITUTIONAL PROVISIONS

Mich. Const. 1963, art. VII, § 6 .......................................................... 23

## STATUTES

28 U.S.C. § 1738 .............................................................................. 19

M.C.L. § 28.422 ................................................................................. 6

M.C.L. § 28.432 ................................................................................. 6

M.C.L. §600.4704 ................................................................... 7, 13, 14

M.C.L. §600.4707 ......................................................................... 12, 14

M.C.L. § 750.231a .............................................................................. 6

`

## REPLY

Federal law and common sense are clear – once a criminal prosecution is over, non-forfeited private property must be returned to its rightful owners. *Frein v. Penn. State Police*, 47 F.4th 247, 253 (3d Cir. 2022). *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999); *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981); *People v. Washington*, 351 N.W.2d 577, 580 (Mich. Ct. App. 1984). Here, two gentlemen, who have not one criminal conviction over their entire lifetimes, want their respective firearms (private property) back from the obstinate local sheriff who refuses to return them. It shouldn't need to take three lawsuits and several appeals to do it, especially – and shockingly – when the Sheriff has done "nothing to pursue forfeiture." **Appellee Br. at 12**. The excuses provided to this Court against any federal relief range from the backwards, to the unnecessary, to the erroneous, and to even outright falsity. This is why Congress has empowered federal courts to step in. It was rightly concerned that unfaithful state instrumentalities are "antipathetic to the vindication" of the constitutional rights of innocent citizens (like Wenzel and Novak). *Mitchum v. Foster*, 407 U.S. 225, 243 (1972). The Saginaw County Sheriff

`

and his government are, in fact, antipathetic. Reversal is required.

## ARGUMENT

### I.    Ownership

Gerald Novak and Adam Wenzel have expressly sworn that they own their respective fourteen firearms. Novak declares, under penalty of perjury, he is "the *owner* of 12 of them" and, in his declaration, expressly identifies them. **Novak Decl., RE 32-6, PageID # 1936**. Wenzel declares, under penalty of perjury, the other two firearms "*are mine*" and also specifically identifies them. **Wenzel Decl., RE 32-7, PageID # 1938.** Heinrich himself has affirmatively sworn *not* to be the owner of any of the firearms. **Heinrich Decl., RE 67-4, PageID # 2499**. Similarly the Sheriff concedes he and his attorneys lack any evidence or information to dispute or contradict any of these declarations. **Appellee Br. at 26** ("it is true that Sheriff Federspiel does not have personal knowledge to rebut" the truth that Novak and Wenzel own the firearms). That concession is sensible because the Sheriff submitted no affidavit, declaration, or evidence to the District Court below to rebut Novak and Wenzel's now-unrebutted declarations. Thusly, the fact of ownership has been properly established.

The Sheriff, however, repeatedly proclaims that what his counsel

`

calls "say-so" declarations are insufficient or otherwise fails to meet the burden of proof because "it was properly the role of the district judge to assess the credibility of… Novak's and Wenzel's affidavits and declarations" at the summary judgment stage. **Appellee Br. at 29.** That is totally <u>wrong</u>. When "reviewing a summary judgment motion, credibility judgments and weighing the evidence are prohibited." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005). What the trial court is supposed to be looking to determine is whether there are any material questions of fact to need a trial by the factfinder (i.e. the jury). And even if the District Court somehow thought that Novak and Wenzel's declarations were not credible against the non-existent counter-evidence of the Sheriff, that is at least a question for the jury, not the judge sitting in motion practice. *United States v. Bearden*, 274 F.3d 1031, 1039 (6th Cir. 2001) (witness credibility is "the province of the jury as the sole finder of fact in a jury trial."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, *not those of a judge*").

Nevertheless, the unrebutted Novak and Wenzel declarations

`

establish proof of ownership and the lack of counter-evidence by the Sheriff establishes the absence of a genuine issue of material fact on that issue. Upon the declarations' submission, "the burden shift[ed]" to the Sheriff to present "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. He failed that burden because he submitted literally nothing to contradict the truthful and proper establishment of ownership of the fourteen firearms. Even with all authority and resources of a law enforcement agency and his insurance-company funded counsel to fully investigate any believed falsity within the declarations, the Sheriff has not found or gathered any evidence to the contrary.[1] So the Sheriff's self-serving position (i.e. that Wenzel and

---

[1] The Sheriff argues that before he is tasked to present evidence, Novak and Wenzel must first present evidence that they are the owners and are not acting as surrogates for Heinrich. Regardless if that is rightly asserted, they have fully done so. **Novak Decl., RE 32-6, PageID # 1936; Wenzel Decl., RE 32-7, PageID # 1938.** And Heinrich has confirmed he is not the owner of the firearms and is not having Novak and Wenzel "act[] on [his] behalf to the firearms back for [his] benefit.**" Heinrich Decl., RE 67-4, PageID # 2499**. That triggered the Sheriff's obligation to offer any contradictory evidence but, as he concedes, he has none. And that lack of evidence is legally lethal for the Sheriff's position because when a party attaches proper declarations averring to facts under the pains of perjury for summary judgment purposes, "a party opposing" such "may not rest on mere allegations or denials of his pleading, but must *set forth specific facts* showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (emphasis added).

`

Novak are not the firearms' owners) lacks *any* factual support. Because the Sheriff's position is wrong, the foundation of his arguments crumbles and fail.[2] Reversal is required.

## II.    Mistakes

Throughout the briefing, the Sheriff has made mistakes that need to be corrected by this reply. They range from the minor to the critical.

First, the singular firearm that Heinrich wielded and then drew against his significant other (without the blessing, permission, or knowledge of Novak or Wenzel[3]) was a New England .410. The Sheriff repeatedly calls it a rifle. It is not. It is small shotgun, i.e. typical of the type given by Midwest fathers to their twelve-year-old sons as their first

---

[2] Throughout the briefing, the Sheriff relies on this incorrect notion of a lack of proof of ownership as the basis for his argument. He argues there was no taking because of lack of the firearm's ownership. **Appellee Br. at 29-30.** He argues the procedural due process claim is lacking because Novak and Wenzel lack a protected property right (i.e. ownership) in their firearms. ***Id.* at 34-35.** For the Second Amendment claim, the Sheriff suggests that the failure to return the firearms is due to a "question of proof" of ownership. ***Id.* at 41.** For claim and delivery, he claims a lack of proof of ownership of the firearms. ***Id.* at 46.** For inverse condemnation, the Sheriff defends by arguing Novak and Wenzel "have not shown themselves to be the 'owners' of the guns at issue[]." ***Id.* at 47.** Those arguments all fail.

[3] **Novak Decl., RE 32-6, PageID # 1936**; **Wenzel Decl., RE 32-7, PageID # 1938.**

`

sportsman's firearm. See **Resp. Br., RE 94, PageID # 2864**.

Second, the Sheriff's counsel spills an enormous amount of ink discussing the descriptors of the Novak cabin. It is a red-herring. This case is about the failure to return Novak and Wenzel's private property back to their innocent owners once the criminal prosecution of Benjamin Heinrich was over. From where the private property were initially taken into the Sheriff's possession is unrelated and irrelevant to the legal issue in dispute. It matters not if it was a cabin, a house, or castle. The issue is the ongoing dispossession of private personal property, not the quality or descriptor of the rural abode.

Third, one of fourteen firearms is an antique pistol. The Sheriff's counsel asserts that "neither Novak or Wenzel produced the license that would be required for them to take possession of the pistol." **Appellee Br. at 10**. But no license is required under Michigan law given its age and "antique" legal status. M.C.L. § 28.432(h) (making M.C.L. § 28.422 licenses inapplicable to "antique" firearms as defined by M.C.L. § 750.231a(2)(ii)). According to the undisputed declaration of expert Jeffrey Matte, the pistol is of pre-1898 manufacture and chambered to use ammunition no longer manufactured in the United States and not readily

available in the ordinary channels of commercial trade. **Matte Decl., RE 94-3, PageID # 2869**. When this was pointed out below, the Sheriff had no rebuttal. Blankly parroting such inaccuracies to this Court to create confusion is improper and vexatious.

Fourth, the Sheriff also argues he is not responsible for issuing the initial notice regarding any seizure and forfeiture of personal property. **Appellee Br. at 12**. That is incorrect. When the item taken by law enforcement is personal[4] property, "the seizing agency," i.e. the Sheriff, "shall give notice of the seizure of the property and the intent to forfeit and dispose of the property." M.C.L. § 600.4704(1). The burden is on him to commence the entire process. *Id.* When he failed to do so, he "disregarded his legal duties" causing a massive due process failure.

Relatedly, the Sheriff also suggests that Novak and Wenzel are not individuals entitled to notice because their ownership was not "known." Wrong again. Michigan law requires hand-delivered notice or certified mail delivery to "known" owners. M.C.L. § 600.4704(2). However, "*if the name and address of the person are not reasonably ascertainable…*, the

---

[4] The statute does put the responsibility of notice on the attorney general, the prosecuting attorney, or the city or township attorney but only "if the property is *real* property." M.C.L. § 600.4704(1).

`

notice shall be published in a newspaper of general circulation in the county in which the personal property was seized or the real property is located for 10 successive publishing days." *Id.* As such, *unknown* owners are statutorily entitled to notice as well – albeit by publication.[5] Under either standard, the Sheriff never provided any notice. **Rule 56(d) Declaration, RE 94-4, PageID # 2914.**

Finally, the Sheriff argues he is not enjoined from disposing of the firearms on appeal. He is mistaken. **Order, RE 78, PageID # 2618**.

## III.    Substantive Federal Arguments

### A.    Fourth Amendment

Undersigned counsel personally believes that the best and most relevant constitutional framework to protect against and resolve the unreasonable failure to return non-forfeited private property is the Fourth Amendment. This Circuit's current case law disagrees. *Fox v. Van Oosterum*, 176 F.3d 342, 349-352 (6th Cir. 1999). But other circuits (and other serious jurists) have rejected this Circuit's position. *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017). And since this appeal started, the

---

[5] So when the Sheriff states Appellants "were not among those to whom notice was owed," **Appellee Br. at 12**, he is wrong

`

DC Circuit has joined with the opposing sibling circuits. *Asinor v. Dist. of Columbia*, __ F.4th __; 2024 U.S. App. LEXIS 20098 (D.C. Cir. Aug. 9, 2024). The dissenting opinion in *Fox* together with *Brewster* and now *Asinor* are the better and proper view. While the *Fox* majority opinion currently handcuffs this current panel, it is invited to support the view that *Fox* was wrong and instead state that the framework from *Brewster* and *Asinor* is the better and more apt constitutional standard.

### B.   Takings

In the absence of the Fourth Amendment route in this Circuit, Novak and Wenzel urge the Fifth Amendment provides them relief to these circumstances, both by an injunction and related damages. Arguing *Frein v. Penn. State Police*, 47 F.4th 247 (3d Cir. 2022) and *Jenkins v. United States*, 71 F.4th 1367 (Fed. Cir. 2023) as instructive, Novak and Wenzel are narrowly challenging the Sheriff's "continued retention of the guns *once the criminal case ended*," *Frein*, 47 F.4th at 251 (emphasis added), by distinguishing between "liability for an initial seizure" from "takings liability for the period after seized property is no longer needed for criminal proceedings." *Jenkins,* 71 F.4th at 1373. *Frein* and *Jenkins* are on point.

`

In response, the Sheriff tries to argue these two cases are distinguishable because there was no question about the underlying property's ownership in those cases. But there is no question for the fourteen firearms here either. Novak and Wenzel undisputedly are innocent owners of their firearms, **Novak Decl., RE 32-6, PageID # 1936; Wenzel Decl., RE 32-7, PageID # 1938**, and the Sheriff has literally nothing to dispute that Novak and Wenzel are anything but, **Appellee Br. at 26**. Thus there is no actual meaningful distinction.

Further, the Sheriff also does not otherwise argue against the existence of the Fifth Amendment's "liability for a taking if the property is not returned after the government interest in retaining the property ceases." *Jenkins,* 71 F.4th at 1373-1374. He makes no any further argument against what his government has done as being anything other than a taking. Just like the state police agency in *Frein*, the Saginaw County Sheriff had and has no lawful basis to rightfully continue to retain possession of the fourteen privately-owned firearms after the criminal case against Benjamin Heinrich ended, **First Am. Compl., RE 79, PageID # 2626**, and a taking occurred because the "guns are 'private property'" that "were 'taken' by the officials" with "hav[ing] never gotten

`

a dime, let alone 'just compensation.'" *Frein*, 47 F.4th at 251. Reversal is required.

### C.    Due Process

Novak and Wenzel have also made a procedural due process claim.[6] The same lack-of-proof regarding firearm ownership has been again re-raised by the Sheriff as a defense and, as discussed above, it must be again rejected as being in error. Getting beyond that, the Sheriff then gets confused about the nature of this claim.

In the law enforcement context, police are not required to provide a pre-deprivation process when taking temporary possession of private property as evidence for criminal prosecution purposes. Why? Because once the prosecution is complete, there is already an establish legal obligation to immediately return private property because "police do not gain title to 'mere evidence.'" *Frein*, 47 F.4th at 252; see also *Chambers*, 192 F.3d at 376 ("It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is

---

[6] Novak and Wenzel have asserted a substantive due process claim and continues to press the same relying on the Appellants' brief.

`

contraband or subject to forfeiture.").[7] That is why it was reasonable for Wenzel and Novak to think once the criminal prosecution was completed, they would be full restored their property as innocent owners.

Once the *Heinrich* criminal prosecution was complete, however, the legality of the ongoing dispossession changes. Michigan law requires the "local unit of government"[8] wanting to keep the property post-prosecution to again "give notice of the seizure of the property" using the same written notice if the owners are known or by publication if the owners are unknown. M.C.L. § 600.4707(1). This starts the forfeiture process and allows owners to appear to contest the same. *At this posture* (i.e. keeping property after criminal prosecution is complete and the return is not being done), "a timely forfeiture hearing" is required. *Culley v. Marshall*, 601 U.S. 377, 393 (2024).

So which process did Sheriff Federspiel use when his "seizing agency" or "local unit of government" sought to justify the non-return of

---

[7] Relatedly, *temporary* property deprivation is justified, without notice, when the situation requires "quick action" by the state or a meaningful pre-deprivation process is impracticable. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994).

[8] A county sheriff's department is a "local unit of government" under Michigan law. *In re Forfeiture of $19,250*, 530 N.W.2d 759, 765 (Mich. Ct. App. 1995).

`

Novak and Wenzel's private property? Neither. **Rule 56(d) Declaration, RE 94-4, PageID # 2914.** The Sheriff provided no process, at any point, whatsoever. *Id.* And because the Sheriff provided *zero* notice to Wenzel and Novak (whether by publication or otherwise), each lacked receipt of how and when to use any possible[9] legal opportunity to have the required *Culley* hearing or otherwise be heard to challenge the deprivation. Such violates due process even if a process is on the legal books. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (violates due process even if "the state had an adequate remedy in form, both procedurally and in damages, *but the state did not apply it...*").

Seeking to distance himself from the due process failures, the Sheriff also argues he is not responsible for issuing the initial notice regarding any seizure and forfeiture of personal property. **Appellee Br. at 12**. That is incorrect. When personal[10] property seized by law enforcement, his "seizing agency" "shall give notice of the seizure of the

---

[9] There is a real question whether the *Omnibus Forfeiture Act* ("OFA") processes are adequate. But this Court need not decide that as part of this case because even assuming there were adequate, the Sheriff never applied any of them. *Hahn*, 190 F.3d at 716.

[10] The statute does put the responsibility of notice on the attorney general, the prosecuting attorney, or the city or township attorney but only "if the property is real property." M.C.L. § 600.4704(1).

`

property and the intent to forfeit and dispose of the property." M.C.L. §
600.4704(1). The burden is on him to commence the notice process. *Id.*
When he refused to return the firearms to Wenzel and Harris after the
*Heinrich* prosecution was complete, this same "local unit of government"
was required again "give notice of the seizure of the property" using the
same written notice if the owners are known or by publication if the
owners are unknown. M.C.L. § 600.4707(1)-(2). When the Sheriff failed
to do so at either time, he again "disregarded his legal duties" under
Michigan law that resulted in a failure of due process.

The Sheriff finally argues that the state-law replevin cause-of-
action fulfills due process. That is backwards. The whole point of notice
and the opportunity to be heard is to receive both notice and the
opportunity for a legal process *before* being refused the return of
previously taken property (i.e. forfeiture). The rule to be applied is simple
– the Sheriff must return property temporarily seized for prosecutorial
purposes at the end of the prosecution; if he wants to keep them longer,
a timely forfeiture hearing" is required because he has effectively
"seize[d] and seeks civil forfeiture of personal property." *Culley*, 601 U.S.
at 386. Because Sheriff Federspiel did not provide Novak and Wenzel

-14-

`

with any notice at any point and, critically here, never provided any type of *Culley* style hearing at the point of not when not returning the private property at the conclusion of the *Heinrich* prosecution, procedural due process was violated. Dismissal of the claim must be reversed.

## D.    Second Amendment

Novak and Wenzel argued to this Court that the District Court failed to undertake the new required analysis under *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Sheriff does not disagree. Instead, he raises new arguments for the first time on the alternate ground that what has happened (i.e. the dispossession of Novak and Wenzel's firearms) is not a regulation because there is no "statute, ordinance, or regulation involved." **Appellee Br. at 41**. Novak and Wenzel have asserted that these wrongful actions occurred as a result of Saginaw County's established *policy* conceptualized as "the longer we keep the guns, the better." **Emails, RE 13-5, PageID # 1377.**[11]

---

[11] Federal law already required automatic return of property without a heighten proof of ownership upon Novak and Wenzel that the Sheriff impliedly advocates for in this appeal. Requiring heightened proof to return a firearm, but not a refrigerator (for example), is a regulation as be contrary to the practice of any other temporarily taken private property. The usual pattern and practice see the full and regular return of seized private property without motion or suit, except apparently when

`

As part of the case below, Novak and Wenzel expressly asked for discovery[12] to secure the "evidentiary proofs" of Saginaw County's *Monell* policy (which would be established by the Sheriff or it would be confirmed that these actions of the-longer-we-keep are the decisions of rogue agents). **Mt. for Discovery, RE 83, PageID # 2738.** A shown *Monell* policy is a challengeable *Bruen* regulation – it is the same thing, different label. The Sheriff is in error suggesting otherwise.

The Sheriff then suggests that it "defies both research and common sense to suggest that withholding firearms from persons lacking proof of ownership is not consistent with historical tradition." **Appellee Br. at 41**. But that fails the Sheriff's *Buren* burden. *Bruen* is clear– the Sheriff

---

it is one particular type of property evidence is at play. Such is thusly a *Bruen* "regulation" subject to challenge under the Second Amendment. Simply put, houses have written deeds; vehicles have papers titles; firearms have nothing similar. The Sheriff cannot add a newer higher level of proof for certain classes of private property he is in charge of and then claim such is not his own "regulation."

[12] Counsel was never permitted to find out if this 'the-longer-the-better' practice was the formal policy of the Sheriff or was the rogue actions of Detective Kruszka because the lower court never permitted *Monell* discovery despite being expressly asked. That said, it would hard to believe that a veteran police detective like Detective Kruszka would have ever decided for himself to go rogue and keep Novak and Wenzel's private property but for an actual and existing official policy or practice of the Sheriff's office.

-16-

`

cannot "simply posit that the [action he is taking as regulatory conduct] promotes an important interest" but instead "must *demonstrate* that [such] is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17 (emphasis added). This requires "historical *evidence*," not mere rhetoric. *Id.* at 38 (emphasis added). He solely has that burden. *Id.* at 17.

The jurisprudential problem under the Second Amendment claim is now two-fold. The District Court failed to engage in the mandatory *Bruen* test (which the Sheriff does not actually dispute) while the Sheriff equally lacks any required historical analogue evidence to even attempt to meet his *Bruen* burden. As such, dismissal of the Second Amendment claim in these circumstances was in error as *Bruen* is the mandatory framework. Summary judgment granted in favor of the Sheriff (in his official capacity) was in error and must be reversed.

## E.    Qualified Immunity

In response to qualified immunity as a defense, partial appellate waiver of it under the Second Amendment claim does not end the case. Qualified immunity is only a bar from an imposed damages remedy, not from injunctive or declaratory relief. *Kanuszewski v. MDHHS*, 927 F.3d

`

396, 409 fn.5 (6th Cir. 2019). An injunction or declaratory judgment can enter against Sheriff Federspiel to cause the prompt return of the firearms as a form redress. Moreover, the District Court erroneously awarded qualified immunity for the due process claim when this Circuit Court has found the right to receive proper procedural due process is well-established in the face of a known property right. *O'Connor v. Eubanks*, 83 F.4th 1018, 1023 (6th Cir. 2023) ("Precedent clearly establishes that the government must give at least *some* notice before taking property"); *Sterling Hotels, LLC v. McKay*, 71 F.4th 463, 468 (6th Cir. 2023) (the "right to advance notice was beyond debate"). As such, qualified immunity is not bar to all relief that this case's outcome could reach. Dismissal was in error.

## IV.    Res Judicata

In his appellee brief, the Sheriff raises the defense of res judicata by pointing to the orders and judgments from the prior state court litigation to argue the District Court should have dismissed this federal case. Despite referencing this repeatedly in the lower court, it was rightfully ignored by the District Court because it is so clearly meritless.

Res judicata is an affirmative defense and, as such, defendant bears

`

the burden to show an entitlement to it. *Taylor v. Sturgell*, 553 U.S. 880, 906-907 (2008); see also *Baraga Cnty. v. State Tax Comm'n*, 645 N.W.2d 13, 16 (Mich. 2002). Under this doctrine, a state-court judgment is given the same preclusive effect in federal court as it does in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). Only "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them" and such "constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Wayne Cnty. v. Detroit*, 590 N.W.2d 619, 620-621 (1998). The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits by a final judgment, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004).

Below, two prior state court cases occurred – one in the state general-jurisdiction "circuit court" and the other in a state limited-jurisdiction "district court." As to the state "circuit court" action solely made first against the "Saginaw County Sheriff's Office," that case was

`

dismissed by Judge Andre Borrello "without prejudice." **State Circuit Court Opinion and Order, RE 11-15, PageID #1143.** In Michigan, "when a case has been dismissed without prejudice, there is no adjudication on the merits and, consequently, res judicata or collateral estoppel do not apply." *LaSalle Bank Midwest, NA v. Computer Bus. World, LLC*, 2016 Mich. App. LEXIS 866, at *9 (Mich. Ct. App. 2016). Put simply, "if the trial court specifies in its order that a dismissal is without prejudice," like State Court Judge Borrello did here, "the doctrine of res judicata does not apply." *Frantz-Hager v. Newmeyer*, 2016 Mich. App. LEXIS 578, at *5 (Mich. Ct. App. Mar. 17, 2016).[13] "A dismissal of a suit without prejudice is no decision of the controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought." *McIntyre v. McIntyre*, 171 N.W. 393, 394

---

[13] This is because when a court dismisses without prejudice for lack of jurisdiction, anything purportedly decided other dismissal is effectively meaningless dicta. *Jackson City Bank & Trust Co. v. Fredrick*, 260 N.W. 908, 909 (Mich. 1935) ("When there is a want ... subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction... [and such actions by the court without jurisdiction] *are of no more value than as though they did not exist.*"). The remainder of a decision beyond recognizing that defect, no matter if legally right or wrong, is "a mere nullity and void." *Fox v. Bd. of Regents of Univ. of Mich.*, 134 N.W.2d 146, 148 (Mich. 1965).

`

(Mich. 1919); *Garrett v. Washington*, 886 N.W.2d 762, 770 (Mich. Ct. App. 2016) (same). As such, res judicata dies at the first element for the state "circuit court" action.[14]

As to the second state court case (the state "district court" action), it was solely against the Saginaw County Sheriff's Office, *not Sheriff Federspiel* or Saginaw County. No claims were raised against Sheriff Federspiel in his personal or official capacities in that case. State District Court Judge Terry Clark also did not reach the heart of the replevin claim but merely held that the Saginaw County Sheriff's Office "is not a legal entity subject to suit and Plaintiffs' Claim and Delivery [as against the Saginaw County Sheriff's Office] is barred by governmental immunity." **70th Dist. Ct. Order, RE 11-24, PageID # 1252.**[15]

This federal case and the state "district court" case fails to have the

---

[14] Oddly, the Sheriff now seemingly argues that the circuit court had jurisdiction and should not have dismissed without prejudice. But that is contrary to the direct and expressly order of State Court Judge Borrello. But if that sued party thought the decision should have been *with* prejudice, an appeal should have been taken.

[15] When the Sheriff (as a different party) was directly sued in federal court, Judge Ludington held the opposite that there is no governmental immunity for him (as opposed to a non-suable party like the Sheriff's office). **Opinion, RE 97, PageID # 2966** ("GTLA immunity does not bar their 'claim and delivery' claim"). This ruling was never cross-appealed.

`

same parties, a requirement for res judicata. As part of that litigation, it was the expressed position in that case Sheriff Federspiel was "never named, identified, or served process *on the proper party to this [state district court] litigation*, Saginaw County Sheriff William Federspiel." **SCSO Br., RE 10-14, PageID # 750** (emphasis added). By the clearly-made position, these are not the same parties between the state court cases and this case, and no judgment was ever entered against Defendant Federspiel in the state "district court." As such, these two actions do not involve the same parties so res judicata fails on the second element for the state "district court" action.

Realizing this, the Sheriff now tries nevertheless to argue he, when sued in his personal and/or official capacity in federal court, is in "privy" with that decision in the state district court that sued a party who cannot be sued. "Privity is an elusive concept." *Martin v. Am. Bancorp Retirement Plan*, 407 F.3d 643, 650 (4th Cir. 2005). Michigan defines being in privy as one "who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." *Howell v. Vito's Trucking & Excavating Co.*, 191 N.W.2d 313, 316 (Mich.

`

1971). Sheriff Federspiel has not inherited, succeeded, or became interested by purchase regarding any aspect of a decision against the "Saginaw County Sheriff's Office."

But even more pointedly, when suing Sheriff Federspiel in federal court in his personal and official capacities, Wenzel and Novak have legally named and pled their claims against William Federspiel personally and the County of Saginaw, but not the Sheriff's Office. *Ostipow v. Federspiel*, 824 Fed. App'x 336, 340 (6th Cir. 2020) ("When an officer is sued in his official capacity, the law treats that [federal] suit as an action against Saginaw County."). A government employee sued in his official capacity is not in privity with himself in his individual capacity for purpose of res judicata. *Andrews v. Daw*, 201 F.3d 521, 523 (4th Cir. 2000). Even more, Michigan law precludes a claim of a functional relationship between the Sheriff's office and the County. Under the Michigan Constitution, Saginaw County "shall never be responsible for [the Sheriff's] acts..." under state law. Mich. Const. 1963, art. VII, § 6. At the state law level, there is a totally insufficient identity of relationship between Defendant Federspiel in his official capacity (i.e. Saginaw County) and Saginaw County Sheriff's Office in Michigan to invoke

`

privity under the guise of res judicata. Because of such an explicit disaffirmation of a recognized inter-changeable relationship, there is clearly no "working or functional relationship" sufficient to be in privy to each other, as to be like a principal to an agent, a master to a servant, or an indemnitor to an indemnitee. *Peterson Novelties, Inc. v. City of Berkley*, 672 N.W.2d 351, 359 (Mich. Ct. App. 2003). Without being privy to each other via a working or functional relationship and quite obviously not being the same parties from the prior state "district court" litigation, the defense of res judicata for this prior case also fails too.

## V.    State Law Arguments

### A.    Immunity

The Sheriff has a section of his appellee brief that he labels immunity. It is hard to understand if he is asking for an error to be corrected by this Court. Even if the Sheriff is asserting "governmental" immunity under Michigan's GTLA, the District Court already correctly rejected that argument. **Opinion, RE 97, PageID # 2966** ("GTLA immunity does not bar their 'claim and delivery' claim" citing *Wright v. Genesee Cnty.*, 934 N.W.2d 805, 809 (Mich. 2019)). That issue is not before this Court. Cross-appealing is jurisdictionally required when "an

`

appellee wishes to attack part of a final judgment in order to enlarge his rights or to reduce those of his adversary." *Francis v. Clark Equip. Co.*, 993 F.2d 545, 552 (6th Cir. 1993). And by not cross-appealing, that issue is not before this Court and outside its jurisdiction for this appeal.

### B.    Replevin (Claim and Delivery)

On the replevin claim, the Sheriff solely defends the dismissal on the oft-repeated ground that the firearms' ownership has not been demonstrated by adequate proofs and that res judicata applies. But, as outlined extensively above, those arguments fail. See Parts I and IV, *supra*. The Sheriff offers no other merits-based counter-argument to Novak and Wenzel's allegation of error of the District Court when dismissing the replevin claim. In actually, Novak and Wenzel should have been granted summary judgment on this basis as they had requested. **Mt. for Partial Summ. J., RE 82, PageID # 2726-2729**. The District Court's error is piercingly unsustainable given that the objective of replevin "is to determine… title to the property for temporary or permanent purposes connected with that possession" and with the goal to cause its immediate return to those wrongfully dispossessed. *Clark v. West*, 23 Mich. 242, 247 (1871). Reversal is required.

`

## C.    Inverse Condemnation

As for the inverse condemnation claim, the Sheriff self-concludes that Novak and Wenzel "have no basis for an inverse condemnation claim" solely because of the same argument made throughout – that they have no proof of ownership. Again, that argument is in error. See Part I, *supra*. The Sheriff does not dispute that inverse condemnation is its own stand-alone long-recognized cause-of-action under Michigan law (and not a *Bauserman*[16] type claim) as missed by the District Court. See *Tamulion v. State Waterways Comm'n*, 212 N.W.2d 828, 831 (Mich. Ct. App. 1973); *Peterman v. Dep't of Natural Resources*, 521 N.W.2d 499 (Mich. 1994). Because the District Court dismissed this stand-alone state-law claim without analyzing it while also incorrectly grouping it into the collection of *Bauserman* directly-under state constitutional claims, reversal is required.[17]

---

[16] *Bauserman v. Unemployment Ins. Agency*, 983 N.W.2d 855 (Mich. 2022).

[17] To the extent the Sheriff argues his government has immunity from such claims, it fails. *Electro-Tech, Inc. v. H F Campbell Co.*, 445 N.W.2d 61, 77 fn.38 (Mich. 1989) ("Since the obligation to pay just compensation arises under the constitution and not in tort, the immunity doctrine does not insulate the government from [inverse condemnation] liability.")

`

## RELIEF REQUESTED

This Court is requested to vacate and reverse the District Court's order that refused discovery; that denied summary judgment for Plaintiffs on the Fifth Amendment and replevin claims; and that caused dismissal of the challenged remaining claims (with the limited narrow exceptions of the Second Amendment and Fifth Amendment claims against Sheriff Federspiel solely in his personal capacity based on qualified immunity) and remand for further proceedings.

Date: September 14, 2024           s/ Philip L. Ellison
                                   PHILIP L. ELLISON
                                   OUTSIDE LEGAL COUNSEL PLC
                                   PO Box 107
                                   Hemlock, MI 48626
                                   (989) 642-0055
                                   pellison@olcplc.com

                                   THOMAS J. LAMBERT
                                   THOMAS J. LAMBERT, PLC
                                   PO Box 144
                                   Jamestown, MI 49427
                                   (616) 275-2976
                                   tlambert@tjlplc.com

                                   *Attorneys for Appellants*

`

## CERTIFICATE OF COMPLIANCE

Pursuant to Sixth Circuit Rule 32(a)(7)(C) and Sixth Circuit Rule 32(a), the undersigned certifies that this brief complies with the type-volume limitations of the Sixth Circuit Rule 32(a)(7)(B).

This brief has been prepared in proportional typeface using Century School Book 14-point font. The relevant portion of the brief, including headers and footnotes, contains 5,887 words according to the Word Count feature in the Microsoft Word program, being less than 6,500 words.

The undersigned understands that a material misrepresentation in completing this certificate or circumvention of the type-volume limitations may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

Date: September 14, 2024        s/ Philip L. Ellison
PHILIP L. ELLISON
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Appellants

`

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of and a copy of such filing to counsel of record at their email address(es) of record.

Date: September 14, 2024          s/ Philip L. Ellison

PHILIP L. ELLISON
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Attorney for Appellants

`

## DESIGNATION OF RELEVANT
## DISTRICT COURT DOCUMENTS

| RE. | PageID Range | Description of the Document |
|---|---|---|
| 10-14 | #478-758 | Sheriff's Office Brief |
| 11-15 | #1135-1144 | 10th Cir. Ct. Op. & Order |
| 11-24 | #1252 | 70th Dist. Ct. Summary Disposition Order |
| 13-5 | #1376-1378 | Emails |
| 32-6 | #1936-1937 | Novak Declaration |
| 32-7 | #1938-1939 | Wenzel Declaration |
| 67-4 | #2499-2500 | Heinrich Affidavit |
| 78 | #2616-2619 | Stipulated Order |
| 79 | #2628-2632 | First Amended Complaint |
| 82 | #2708-2733 | Plaintiffs' Mt. for Partial Summary Judgment |
| 83 | #2734-2741 | Plaintiffs' Motion for Discovery |
| 94 | #2861-2889 | Response Brief |
| 94-3 | #2909-2913 | Matte Declaration |
| 94-4 | #2914-2915 | Rule 56(d) Declaration |
| 97 | #2931-2969 | Opinion and Order |