RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0162p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

---

GERALD NOVAK; ADAM WENZEL,

        *Plaintiffs-Appellants*,

   *v*.

WILLIAM L. FEDERSPIEL, in his official and personal capacities,

        *Defendant-Appellee*.

No. 24-1278

---

Appeal from the United States District Court for the Eastern District of Michigan at Bay City.
No. 1:21-cv-12008—Thomas L. Ludington, District Judge.

Argued: December 11, 2024

Decided and Filed: June 20, 2025

Before: KETHLEDGE, LARSEN, and MATHIS, Circuit Judges.

---

### COUNSEL

**ARGUED:** Philip L. Ellison, OUTSIDE LEGAL COUNSEL PLC, Hemlock, Michigan, for Appellants. Douglas J. Curlew, CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C., Livonia, Michigan, for Appellee. **ON BRIEF:** Philip L. Ellison, OUTSIDE LEGAL COUNSEL PLC, Hemlock, Michigan, for Appellants. Douglas J. Curlew, CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C., Livonia, Michigan, for Appellee.

---

### OPINION

---

    PER CURIAM. Gerald Novak and Adam Wenzel claim they own fourteen firearms seized in a criminal investigation that ended years ago. Sheriff William Federspiel refused to turn the firearms over to Novak and Wenzel because he contends they have not proven that they

own them. So they sued Federspiel under 42 U.S.C. § 1983 and under Michigan law, asserting various federal constitutional claims and state constitutional and statutory claims. The district court granted summary judgment to Federspiel on all claims and denied Novak and Wenzel's motion for partial summary judgment. The district court should have allowed Novak and Wenzel to proceed with their: (1) federal takings claims against Federspiel in his official capacity, (2) Second Amendment claims against Federspiel in his official capacity, and (3) state-law claim-and-delivery action. We thus affirm in part and vacate in part.

## I.

In 2017, the Saginaw County Sheriff's Office seized fourteen firearms in connection with a domestic-violence incident at a cabin in Merrill, Michigan. Officers arrested the perpetrator, Benjamin Heinrich, who admitted that he took one of the firearms from the cabin's bedroom and aimed it at his child's mother to force her out of the house. Heinrich pleaded guilty in state court, completed one year of probation, and was discharged from supervision in January 2019. All fourteen firearms remain in Sheriff William Federspiel's custody at the sheriff's office.

Heinrich's uncle, Gerald Novak, apparently owns the cabin where the firearms were stored. He and Adam Wenzel (Heinrich's distant cousin) claim that Novak owns twelve of the firearms and Wenzel owns the other two, and that Federspiel has refused to return them. They admit, however, that they do not have any documents proving their ownership. They also maintain that they had no part in Heinrich's crime.

Novak and Wenzel have sought to recover the firearms through two separate state-court proceedings and the present federal action, which is now on appeal for the third time.

The first state proceeding was a claim-and-delivery (i.e., replevin) action against the Sheriff's Office and Federspiel in a Michigan circuit court. The state circuit court dismissed the case without prejudice and directed the plaintiffs to instead file a claim for return of their property under Michigan's forfeiture laws in state district court.

So Novak and Wenzel filed suit in state district court. But rather than following the circuit court's guidance to initiate forfeiture proceedings, they reasserted claim and delivery, and this time, against the Sheriff's Office only. The district court granted summary disposition for the defendant, finding that the Sheriff's Office was not a proper party and that governmental immunity barred the claim. Novak and Wenzel appealed the decision and lost.

During the pendency of the state appeal, Novak and Wenzel filed this suit in federal district court alleging federal constitutional and state-law violations against Federspiel in his personal and official capacities. After a series of stays and interlocutory appeals,[1] Novak and Wenzel filed an amended complaint alleging: (1) Fifth Amendment temporary and permanent takings claims; (2) inverse-condemnation claims under Michigan law; (3) Fourteenth Amendment procedural-due-process claims; (4) procedural-due-process claims under Michigan law; (5) Fourteenth Amendment substantive-due-process claims; (6) substantive-due-process claims under Michigan law; (7) Second Amendment right-to-bear-arms claims, (8) right-to-bear-arms claims under Michigan law; (9) Fourth Amendment unlawful-seizure claims, (10) unlawful-seizure claims under Michigan law; and (11) claim and delivery under Michigan law.

Novak and Wenzel moved for partial summary judgment on their Fifth Amendment temporary takings claim against Federspiel in his official capacity only. They simultaneously filed a motion for discovery to seek additional evidence for their claims brought under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Federspiel moved for summary judgment on all claims.

The district court denied Novak and Wenzel's motions and granted summary judgment to Federspiel. For the federal claims, the court held that qualified immunity protected Federspiel in his personal capacity and that, in any event, Novak and Wenzel had not established constitutional violations. For the state-law claims, the court found that Michigan law does not recognize a

---

[1]*See Novak v. Federspiel*, No. 21-cv-12008, 2021 WL 5198521 (E.D. Mich. Nov. 9, 2021), *rev'd and remanded*, No. 21-1722, 2022 WL 3046973 (6th Cir. Aug. 2, 2022); *Novak v. Federspiel*, 646 F. Supp. 3d 878 (E.D. Mich. 2022), *reconsideration denied*, 644 F. Supp. 3d 378 (E.D. Mich. 2022), *motion for relief from judgment denied*, 645 F. Supp. 3d 722 (E.D. Mich. 2022), and *appeal dismissed*, No. 22-2088, 2023 WL 8613874 (6th Cir. July 10, 2023) (order).

cause of action to sue municipal officials for constitutional torts, and that Novak and Wenzel could not establish the elements of claim and delivery.

Novak and Wenzel timely appealed.[2]

## II.

We review grants of summary judgment and qualified immunity de novo. *Puskas v. Delaware County*, 56 F.4th 1088, 1093 (6th Cir. 2023); *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citation omitted). We view all evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Palma v. Johns*, 27 F.4th 419, 427 (6th Cir. 2022).

## III.

We first review the federal constitutional claims Novak and Wenzel brought under 42 U.S.C. § 1983 against Federspiel in his individual and official capacities. "To succeed on a § 1983 claim, a plaintiff must first identify a constitutional right, then show that a person acting under the color of state law deprived him of that right." *Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 870 (6th Cir. 2024) (citation omitted).

Federspiel asserts that qualified immunity bars the claims for damages against him in his personal capacity. Qualified immunity shields government officials sued in their personal capacity from liability for civil damages unless: "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (internal quotation marks omitted). "For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Mercer v. Athens County*, 72 F.4th 152, 164 (6th Cir. 2023) (quotation omitted). "[T]he plaintiff has the burden of showing that the defendant is not entitled to qualified immunity." *Mosier v. Evans*, 90 F.4th 541, 546 (6th Cir. 2024) (citation omitted).

---

[2]Novak and Wenzel do not challenge on appeal the district court's disposition of their Michigan law procedural-due-process, substantive-due-process, right-to-bear-arms, and unlawful-seizure claims.

Novak and Wenzel also sued Federspiel in his *official* capacity. To prevail on these claims (i.e, *Monell* claims), Novak and Wenzel must "show *both* a constitutional violation and a municipal policy that directly caused the violation." *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017).

A.   **Takings Claims**

First, Novak and Wenzel alleged that by retaining the firearms after Heinrich's criminal case concluded, Federspiel caused the unconstitutional taking of their property, either temporarily or permanently. The Takings Clause of the Fifth Amendment, as applied to the States through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V; *Sheetz v. County of El Dorado*, 601 U.S. 267, 276 (2024). The government commits a taking when it "physically takes possession of property without acquiring title to it." *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147 (2021). The essential question in a takings case "is whether the government has physically taken property for itself or someone else—by whatever means—or has instead restricted a property owner's ability to use his own property." *Id.* at 149. "A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Knick v. Township of Scott*, 588 U.S. 180, 185 (2019). "The Takings Clause generally vests the right to compensation solely in the party with a property interest at the time of the taking." *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 492 (6th Cir. 2021); *see Andrews v. City of Mentor*, 11 F.4th 462, 469 (6th Cir. 2021) ("[N]o takings claim can proceed without a valid property interest.").

As an initial matter, Federspiel is entitled to qualified immunity in his individual capacity on Novak's and Wenzel's takings claims. We have "held that individual liability for takings claims is not clearly established." *O'Connor v. Eubanks*, 83 F.4th 1018, 1022 (6th Cir. 2023) (per curiam) (internal quotation marks omitted).

That leaves Novak's and Wenzel's takings claims against Federspiel in his official capacity. For Novak and Wenzel to obtain summary judgment on their takings claims, they must establish ownership of the subject firearms at the time of the taking. *See CHKRS, LLC*, 984 F.3d

at 492.  And conversely, Federspiel would need to establish the opposite, as a matter of law, to obtain summary judgment on the ground that they did not own the firearms.  *See id.*  Here, Novak and Wenzel have submitted affidavits stating that they own the firearms in question. These affidavits create a genuine issue of material fact as to the ownership of the firearms.  But the affidavits do not put that fact beyond dispute, and Novak's and Wenzel's credibility is for a factfinder to evaluate.  *See, e.g.*, *Davis v. Gallagher*, 951 F.3d 743, 750 (6th Cir. 2020).  Novak and Wenzel otherwise lack evidence that establishes their ownership of the firearms as a matter of law.

We thus vacate the district court's grant of summary judgment to Federspiel on the official-capacity takings claims and the claims for injunctive relief.  On remand, we see no reason why the parties would be precluded from pursuing discovery related to those claims.

**B.      Procedural-Due-Process Claims**

We next review Novak's and Wenzel's procedural-due-process claims.  The Fourteenth Amendment's Due Process Clause bars States from "depriv[ing] any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. XIV, § 1.  "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)). A procedural-due-process claim requires proof of the following two elements: "(i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process."  *Reed v. Goertz*, 598 U.S. 230, 236 (2023).  When the "necessity of quick action renders pre-deprivation process impossible or impracticable," post-deprivation process may suffice.  *Johnson v. City of Saginaw*, 980 F.3d 497, 508 (6th Cir. 2020) (internal quotation marks omitted).

Here, the circumstances surrounding the firearms' initial seizure did not require pre-deprivation process.  In investigating the allegation of domestic assault against Heinrich that precipitated the seizure of the firearms, law enforcement needed to act quickly to preserve evidence and safeguard the victim and her infant child.  Holding a pre-deprivation hearing,

particularly when police had no idea who owned the guns and no one present claimed ownership, would have been impossible or impracticable.

Federspiel has not sought formal forfeiture of the guns but has held them for the owner to claim them. Thus, the notice requirements under Michigan's forfeiture statute do not apply. *See* Mich. Comp. Laws § 600.4707. Still, Novak and Wenzel argue that they did not receive adequate process because Federspiel failed to provide notice of the seizure, either directly or by publication, pursuant to Michigan's forfeiture statute. Even so, that failure did not prevent Novak and Wenzel from receiving *actual* notice of the seizure, which suffices. *See United States v. Erpenbeck*, 682 F.3d 472, 476 (6th Cir. 2012). They further complain that when they, "two blue-collar lay-persons, started to ask [Federspiel] how can they get their firearms back, they were not directed to the criminal court." D. 12 at p.50. Even if it were incumbent on Federspiel to provide such direction, Novak and Wenzel received actual notice of the available process when the state circuit court directed them to bring a forfeiture claim in criminal court.

Novak and Wenzel also argue that they have been deprived of their right to a hearing to assert their ownership. But they have not yet had a meaningful hearing because they have failed to follow the proper procedures themselves. First, even after receiving notice of the seizure, they never pursued the expedited hearing available under Michigan's forfeiture statute. *See* Mich. Comp. Laws § 600.4705(1). Second, after the state circuit court dismissed their first claim-and-delivery action, they ignored that court's guidance to file a forfeiture proceeding and instead filed the same action in district court. If they had the impression that they could not proceed under forfeiture without Federspiel initiating it, the state circuit court's directive should have caused them to reconsider that view. Third, they named the Sheriff's Office and not Federspiel as the defendant in their second state proceeding, even though the first state court had already corrected that error. Naming the wrong defendant prevented the district court from proceeding on the merits because the Sheriff's Office was not a proper party. Fourth, rather than filing a new complaint against the proper defendant in the proper court with the proper claims, they appealed the state district court's decision unsuccessfully and filed this case in federal court. They cannot now claim that Federspiel deprived them of a process that they could have pursued on their own. *Shoemaker v. City of Howell*, 795 F.3d 553, 560 (6th Cir. 2015).

Viewing the facts in the light most favorable to Novak and Wenzel, we conclude that they have not been denied constitutionally adequate process.

**C.     Substantive-Due-Process Claims**

Alongside their procedural claim, Novak and Wenzel also argue that Federspiel violated their substantive-due-process rights. Substantive due process "bar[s] certain government actions" depriving individuals of life, liberty, or property interests "regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). "When the conduct in question has been taken by an executive officer, the action violates substantive due process only if it can be characterized as 'arbitrary, or conscience shocking, in a constitutional sense.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 547 (6th Cir. 2012) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)). "[T]his characterization applies to only the most egregious official conduct." *Id.* (internal quotation marks omitted).

Novak and Wenzel have not shown that Federspiel engaged in arbitrary, conscience-shocking, or egregious conduct. Recall that Novak and Wenzel contest only the retention, not the initial seizure, of the firearms. When Novak and Wenzel requested the return of the guns, Federspiel denied their request because, in his view, they did not prove ownership of the firearms. Nothing about this rises to the level of a substantive-due-process violation. Refusing to give firearms that were seized in connection with a criminal investigation to individuals who cannot substantiate their ownership—particularly when it is the alleged perpetrator's relatives—is not conduct "so 'brutal' and 'offensive' that it did not comport with traditional ideas of fair play and decency." *Breithaupt v. Abram*, 352 U.S. 432, 435 (1957).

Because Federspiel's action "d[id] not deprive [Novak and Wenzel] of a particular constitutional guarantee or shock the conscience, that action survives the scythe of substantive due process so long as it is rationally related to a legitimate state interest." *Cooperrider v. Woods*, 127 F.4th 1019, 1041 (6th Cir. 2025) (quotation omitted). Novak and Wenzel made no attempt to show that Federspiel's action "was not rationally related to a legitimate state interest." *Id.* (quotation omitted).

Novak and Wenzel also argue that Federspiel violated their substantive-due-process rights because he "intentionally (or at least negligently) failed to follow the expressed procedural requirements" of Michigan's forfeiture statute by not initiating forfeiture proceedings. D. 12 at p.53. But that would be a *procedural* violation, not a substantive one. And as we already explained, Novak and Wenzel cannot prove a procedural-due-process violation.

**D.     Second Amendment Claims**

Novak and Wenzel next challenge the grant of summary judgment to Federspiel on their Second Amendment claims. The Second Amendment, applicable to the States through the Fourteenth Amendment, provides that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II; *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010) (plurality opinion). In *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), the Supreme Court "clarified the analytical framework that applies to Second Amendment challenges." *United States v. Williams*, 113 F.4th 637, 644 (6th Cir. 2024). Under *Bruen*'s two-step approach, we must first determine whether "the Second Amendment's plain text covers an individual's conduct." *Bruen*, 597 U.S. at 24.

The Second Amendment's plain text protects the right to "keep" arms. The Supreme Court has said that this term protects a person's right to own guns for personal use. *District of Columbia v. Heller*, 554 U.S. 570, 628-29 (2008). At issue here is whether this right to own guns includes the right to possess—that is to "keep"—the guns that a person lawfully owns.

The right to keep or bear firearms would mean little if an individual lacked any presumptive right to keep or bear his own firearms. *See Frein v. Penn. State Police*, 47 F.4th 247, 254 (3d Cir. 2022). In that event, one might ask, whose firearms would one keep or bear? The district court, for its part, said the Second Amendment did not apply here because Federspiel had not interfered with Novak's or Wenzel's ability to buy or own other guns. But that reasoning has neither any limiting principle nor any basis in the caselaw; to the contrary, it conflates *Bruen*'s two steps into one.

The right to keep or bear one's own firearms is quintessentially conduct that falls within the text of the Second Amendment. The relevant questions here, rather, are twofold. First,

whether these plaintiffs in fact owned these guns.  And second, if so, whether Federspiel's possession of them has been "consistent with the Nation's historical tradition of firearm regulation."  *Bruen*, 597 U.S. at 24.  The district court can address those questions as necessary on remand.

We vacate the district court's grant of summary judgment to Federspiel on the official-capacity Second Amendment claims.[3]

### E.   Fourth Amendment Claims

Novak and Wenzel argue that Federspiel's refusal to return the firearms violated their Fourth Amendment rights.  But as they recognize, our precedent forecloses their Fourth Amendment claim.  In *Fox v. Van Oosterum*, we held that a police officer's refusal to return the plaintiff's driver's license did not pose a Fourth Amendment issue because "[o]nce th[e] act of taking the property is complete, the seizure has ended and the Fourth Amendment no longer applies."  176 F.3d 342, 351 (6th Cir. 1999).  Because the Fourth Amendment does not apply to *retaining* property, Novak and Wenzel's argument fails as a matter of law.

### IV.

We consider next Novak's and Wenzel's state-law claims.  They assert that the district court erred in rejecting their inverse-condemnation and claim-and-delivery causes of action.  We agree with them on the claim-and-delivery action but disagree with them on the inverse-condemnation action.

### A.   Inverse-Condemnation Claims

Novak and Wenzel bring an inverse-condemnation claim, under the Michigan Constitution, against Federspiel.  They argue that the district court improperly rejected their claim.  But because Novak and Wenzel invited the error, we reject their argument.

We have explained that "the doctrine of invited error is a branch of the doctrine of waiver by which courts prevent a party from inducing an erroneous ruling and later seeking to profit

---

[3]Novak and Wenzel waived their individual-capacity Second Amendment claims against Federspiel.

No. 24-1278     *Novak, et al. v. Federspiel*     Page 11

from the legal consequences of having the ruling set aside." *In re Bayer Healthcare & Merial Ltd. Flea Control Prods. Mktg. & Sales Pracs. Litig.*, 752 F.3d 1065, 1072 (6th Cir. 2014) (quotation omitted). The invited-error doctrine "prevents a party from inducing a court to follow a course of conduct and then at a later stage of the case us[ing] the error to set aside the immediate consequences of the error." *Id.* (alteration in original) (internal quotation marks omitted).

In their amended complaint, Novak and Wenzel framed their inverse-condemnation claim as a *Bauserman*[4] constitutional claim. And in response to Federspiel's summary-judgment motion, they stated that their "*Bauserman* claims are properly dismissed." R. 94, PageID 2870. Because Novak and Wenzel purported to bring a *Bauserman* inverse-condemnation claim and then invited the district court to dismiss their *Bauserman* claims, they are not entitled to relief from the district court's purported error.

B.     **Claim-and-Delivery Actions**

We now reach Novak's and Wenzel's actions for claim and delivery. A claim-and-delivery action is Michigan's statutory version of the common-law claim of replevin. *Whitcraft v. Wolfe*, 384 N.W.2d 400, 402 n.1 (Mich. Ct. App. 1985). "[A]n action for claim and delivery seeks the return of property wrongfully taken and held and allows damages for the period of wrongful detention." *O'Connor v. State*, 9 N.W.3d 351, 360–61 (Mich. Ct. App. 2023); Mich. Comp. Laws § 600.2920(1); Mich. Ct. R. 3.105(A)(1) ("Claim and delivery is a civil action to recover [] possession of goods or chattels which have been unlawfully taken or unlawfully detained[.]"). The action "may not be maintained . . . by a person who, at the time the action is commenced, does not have a right to possession of the goods or chattels taken or detained." Mich. Comp. Laws § 600.2920(1)(c).

Federspiel is not entitled to summary judgment on the claim-and-delivery action. A reasonable jury could find that Novak and Wenzel own the firearms at issue and that Federspiel has unlawfully kept those firearms after Novak and Wenzel requested their return.

---

[4]*Bauserman v. Unemployment Ins. Agency*, 983 N.W.2d 855 (Mich. 2022).

Federspiel argues that he is entitled to governmental immunity from the claim-and-delivery action. Michigan's Governmental Tort Liability Act (GTLA) immunizes government agencies and officials from compensatory damages arising from tort claims. *In re Bradley Est.*, 835 N.W.2d 545, 554–55 (Mich. 2013); Mich. Comp. Laws § 691.1407. Because Novak and Wenzel have waived any claim for damages for their claim-and-delivery action, the GTLA does not apply.

Federspiel also argues that the claim-and-delivery action is barred by res judicata. The res judicata doctrine "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004) (citation omitted). Novak and Wenzel's prior state-court lawsuits were dismissed for lack of jurisdiction and based on governmental immunity. Those are not merits dispositions for purposes of res judicata. *See In re Quinney's Est.*, 283 N.W. 599, 602 (Mich. 1939) ("While a dismissal on the ground the court has no jurisdiction of the subject matter is a conclusive determination of want of jurisdiction, it is no adjudication of the merits and will not bar another action for the same cause."); *Bd. of Cnty. Rd. Comm'rs for Cnty. of Eaton v. Schultz*, 521 N.W.2d 847, 851 (Mich. Ct. App. 1994) (per curiam) (suits dismissed due to governmental immunity are not a decision on the merits for claim-preclusion purposes).

## V.

For these reasons, we **AFFIRM** the district court's denial of Novak and Wenzel's motion for partial summary judgment. We **AFFIRM IN PART** and **VACATE IN PART** the district court's grant of summary judgment to Federspiel. Specifically, we **AFFIRM** the district court's grant of summary judgment to Federspiel as to the individual-capacity takings claims, the procedural-due-process claims, the substantive-due-process claims, the Fourth Amendment claims, and the inverse-condemnation claims. We **VACATE** the grant of summary judgment to Federspiel as to the official-capacity and injunctive-relief takings claims, the official-capacity Second Amendment claims, and the claim-and-delivery action, and we **REMAND** to the district court for further proceedings consistent with this opinion.